**In the Matter of the Application of Percy DeTORO for a Writ of Habeas Corpus.**
**Civ. A. No. 14759.**

United States District Court
D. Maryland.
Oct. 17, 1963.

**622**

William J. McCarthy, Baltimore, Md., for petitioner.

Thomas B. Finan, Atty. Gen., of Maryland, and Franklin Goldstein, Asst. Atty. Gen., for respondent

NORTHROP, District Judge.

Percy DeToro, petitioner herein for a writ of habeas corpus, was found guilty of murder in the first degree by the Criminal Court of Baltimore City sitting without a jury. He was sentenced to death.

DeToro's state remedies having been exhausted, this court stayed his execution pending a hearing at which the petitioner was present, represented by able counsel; arguments and briefs were submitted by the parties.

Petitioner presents three grounds for the issuance of the writ:

1. A statement was taken from him without affording him an opportunity to consult with legal counsel, which statement was admitted into evidence;

2. There was suppression of the fact of the finding of, and failure to examine for evidence, certain scissors which petitioner alleged were used by the deceased to threaten him at the time that he committed the offense; and

3. Since he was not afforded counsel when he was called on to plead to the capital charge against him at his preliminary hearings, his conviction and sentence constitute a nullity.

Since no further facts were developed at the hearing before this court in reference to the first two contentions of petitioner, and no points or authorities submitted, this court must consider these points as adequately disposed of by Judge Shirley B. Jones, Criminal Court of Baltimore City, in her opinion, dated December 18, 1962, P. C. Petition No. 422, denying petitioner relief under the Uniform Post Conviction Procedure Act, Article 27, Annotated Code of Maryland (1957), Sections 645A–645J, setting out her conclusions buttressed by historical facts.

This leaves the principal contention which is based on the proposition that DeToro was not represented by counsel at the two preliminary hearings before the committing magistrate.

DeToro was taken before a magistrate on January 23, 1961, and again on February 7, 1961, at the Central Police Station in Baltimore, Maryland, for preliminary hearings. He was called on to plead to the offense charged without being afforded the opportunity to consult with, retain or be furnished with legal counsel at these preliminary hearings. At both hearings he pleaded *not guilty*.

Petitioner argues that language in White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963), and in Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), supports his position that the taking of his *plea* at the preliminary hearings, when he did not have counsel, violated his constitutional right to representation at all stages of the criminal procedure. In further support of his allegation, he cites Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398 (1945), and Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

To do justice to petitioner's contentions, it is necessary to give careful consideration to the opinions referred to by him. After comparing White v. Maryland to Hamilton v. Alabama, and after close study of White, we feel that the petitioner's contention cannot prevail.

Hamilton was the progenitor of White. In the former, the Supreme Court through Mr. Justice Douglas held that arraignment in Alabama is so critical a stage of Alabama criminal procedure that lack of counsel at the arraignment required reversal of the conviction. The defendant, Hamilton, gave a not-guilty plea at the "arraignment" but that proceeding was deemed "critical" since, by Alabama law, certain defenses not then raised, were considered waived. In addition, the Supreme Court in reversing felt that it was unnecessary to determine if, in fact, Hamilton inadvertently waived a defense to the charge against him and was thus prejudiced by the absence of counsel at the arraignment.

The facts in Hamilton are not present here. Alabama's arraignment cannot be equated with Maryland's preliminary hearing. The defense of insanity. must be pleaded at the arraignment in Alabama or the defense is lost. Pleas in abatement must be made at that time. Motions to quash based on systematic exclusion for race from grand juries or on the ground that the grand jury was otherwise improperly drawn must be made at the arraignment. Hamilton v. Alabama, supra, 368 U.S. p. 52, 82 S.Ct. p. 158, 7 L.Ed.2d 114.

In Maryland, however, a preliminary hearing is held for the purpose of

"determining whether there is probable ground to believe the accused guilty. The magistrate, therefore, can only commit the accused for appearance before the grand jury, subject to bail under certain circumstances, or discharge him. That hearing is primarily for the benefit of the accused, insuring him against being committed for action by the grand jury on charges which are groundless." Williams v. State, 214

Md. 143, 154, 132 A.2d 605 (1957), citing Orfield, Criminal Procedure from Arrest to Appeal, page 67.

▪ Just as in the federal practice before a Commissioner, the Maryland preliminary hearing requires no defenses be made lest they be waived. It is not, in and of itself, critical such as the Alabama arraignment. The critical stage of the criminal proceedings in Maryland, again analogous to the federal practice, is not before arraignment. All defenses reaching back to the arrest may be raised at the Maryland arraignment. The preliminary hearing in no way can act as a stage of the criminal process during which a defendant may waive a defense.

Having seen that the preliminary hearing in Maryland is not inherently "critical" it remains to be seen if it can be considered critical in a particular case.

In White v. Maryland, supra, the Supreme Court in a per curiam opinion considered the effect of a guilty plea by a defendant at a Maryland preliminary hearing in the absence of counsel. The Court's language in White makes it necessary to consider the implications of the opinion. The Court said:

"Whatever may be the normal function of the 'preliminary hearing' under Maryland law, *it was in this case as 'critical' a stage as arraignment under Alabama law.* For petitioner entered *a plea* before the magistrate and *that plea* was taken at a time when he had no counsel." [Emphasis supplied.] White v. Maryland, 373 U.S. 59, 60, 83 S.Ct. 1050, 1051, 10 L.Ed. 193 (1963).

If the Supreme Court in Hamilton or in White had wished to say that one must be afforded counsel at every stage of the criminal proceedings, it would have done so. It was, however, not so benevolent. In Hamilton, it viewed the Alabama arraignment and after explanation of the importance of that procedure, it was declared critical. In White, the Court did not say as it could have said that Maryland's preliminary hearing was inherently critical. Instead, it said: "it

was in *this case* as 'critical' a stage as arraignment under Alabama law." The next sentence reads:

"For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel."

This sentence cannot be read out of context. It must relate to the case before the Court, namely that the "plea" was "guilty", and that it was offered in evidence at the trial.

 A guilty plea may enhance the importance of the preliminary hearing. If a guilty plea is voluntarily made by the accused, evidence of the plea may be offered in evidence as an extra-judicial confession upon the state's laying a proper foundation, 141 A.L.R. 1335 (1942); Weaver v. State, 226 Md. 431, 434, 174 A.2d 76 (1961); Williams v. State, 214 Md. 143, 154, 132 A.2d 605 (1957). There is sound basis then for holding that a critical stage in the criminal process is reached when a guilty plea is given. This is the White case, and it should not be extended to cover a situation such as the case in issue where a not-guilty plea has been given. The not-guilty plea has no effect on the defendant's cause. No plea need be given at the preliminary hearing, Williams v. State, supra. What made the preliminary hearing critical in the White case was that a guilty plea was taken. The Supreme Court held that it was immaterial that no objection was made to the offer of the plea in evidence, and that it was unnecessary to decide whether prejudice resulted from entering the guilty plea.

No question of possible prejudice could arise where, as here, the plea was not guilty. It is inconceivable to conclude that the entire criminal process which was used to convict DeToro in the state courts must be nullified because he gave a self-serving plea, which he need not have given, in a proceeding established basically for his protection.

The other cases cited by the petitioner do not concern themselves with the specific problem at hand.

For the reasons set forth above, it is this 17th day of October, 1963:

Ordered by the United States District Court for the District of Maryland that the petitioner's application for a writ of habeas corpus be and the same hereby is denied. Petitioner will therefore be remanded to the custody of the Attorney General of Maryland, but the stay of execution will be continued for thirty (30) days to enable the petitioner to file an appeal from this denial, or to file another petition seeking relief on some constitutional ground.

My colleagues, Chief Judge THOMSEN and Judges WATKINS and WINTER, concur in this opinion.

The Clerk is directed to mail copies of this opinion to counsel for the petitioner and to the Attorney General of Maryland.