395 P.2d 354

**Ernest G. GANTAR, Petitioner,**

v.

**Harold A. COX, Warden, Respondent.**

No. 7716.

Supreme Court of New Mexico.

Sept. 8, 1964.

Edward T. Johnson, Santa Fe, for petitioner.

Jay F. Rosenthal, Asst. Atty. Gen., Harry S. Connelly, Jr., Sp. Asst. Atty. Gen., Santa Fe, for respondent.

NOBLE, Justice.

Petitioner was sentenced to serve not less than three nor more than fifteen years in the New Mexico penitentiary following a plea of guilty to unarmed robbery and has brought original habeas corpus in the Supreme Court contending abridgment of his fundamental constitutional rights because of failure to assign counsel to represent him before the magistrate.

·Upon authority of Sanders v. Cox, 74 N.M. 525, 395 P.2d 353, the writ of habeas corpus heretofore issued should be discharged. The fact that petitioner was required to plead to the information in the district court without the benefit of counsel did not prejudice his case. A plea of not guilty was entered at the time of the arraignment without counsel, and neither at such arraignment nor before the magistrate did he make any statement which was used against him. Subsequently, petitioner's family employed an attorney and he was represented by such attorney at the time his plea of not guilty was withdrawn and a plea of guilty entered. In re Application of De Toro, D.C., 222 F.Supp. 621. Compare State v. Garcia, 47 N.M. 319, 142 P.2d 552, 149 A.L.R. 1394. Under the facts presented to us, we find no abridgment of petitioner's constitutional rights which requires that the sentence under which he is confined be vacated.

The record before us discloses a motion by petitioner's attorney seeking a psychiatric examination. The motion was not ruled upon and was in effect withdrawn when petitioner entered his plea of guilty. There can be no question but that petitioner has a very low mentality, but as noted in Feguer v. United States (C.A. 8) 302 F.2d 214, nothing is required beyond a sufficient present ability to consult with his lawyer with a reasonable degree of rational

as well as factual understanding of the proceedings against him. The proof offered fell far short of meeting the requirement of a lack of such ability and understanding.

The writ will be discharged and petitioner remanded to the custody of the warden of the New Mexico State Penitentiary.

It is so ordered.

COMPTON, C. J., and CARMODY, CHAVEZ and MOISE, JJ., concur.