■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE THOMPSON, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered March 5, 1965, which, without a hearing, denied his application to vacate a judgment of the former County Court, Kings County, rendered January 31, 1961, convicting him of assault in the second degree with intent to commit rape, upon a plea of guilty, and imposing sentence upon him as a second felony offender. Order affirmed. The application was grounded on a contention that defendant's prior conviction in the State of Maryland, after a jury trial, could not serve as the basis for sentencing him as a multiple offender because he was denied counsel at a preliminary hearing before a Magistrate, who ordered him held for the Grand Jury. Under Maryland's preliminary hearing procedure, defendant was not required to enter a plea or assert any defenses lest they be waived, but if he chose to enter a plea of guilty it could be received as an admission in the event of trial. Thus, "a critical stage in the criminal process is reached [in Maryland] when a guilty plea is given" (*Matter of De Toro*, 222 F. Supp. 621, 624). It does not appear in the record that defendant elected to plead guilty at the preliminary hearing before the Magistrate in Maryland. Absent such plea, that hearing was not a critical stage in the proceedings and the denial of counsel thereat did not violate defendant's constitutional rights (*United States ex rel. Cooper* v. *Reincke*, 333 F. 2d 608; *Matter of De Toro, supra*). Since defendant does not allege facts which show in what manner he was prejudiced by his lack of counsel at the preliminary hearing before the Magistrate, he is not entitled to a hearing on his petition herein. When such facts are alleged, a petitioner is entitled to

an opportunity to prove his allegations on a hearing, but, unless a prima facie case of prejudice is alleged, a hearing for a general exploration of what transpired will be denied. Christ, Acting P. J., Brennan, Hill and Benjamin, JJ., concur; Hopkins, J., dissents and votes to modify the order so as to grant a hearing with respect to the allegations of the petition, with the following memorandum: Petitioner was properly sentenced as a second felony offender only if he was validly convicted in Maryland. The court records of the proceedings in Maryland support petitioner's claim that he was not represented by counsel at the preliminary .hearing prior to his indictment. We have held that in New York such a preliminary hearing is not a critical proceeding and that the absence of counsel does not vitiate a conviction based on a later indictment and proceedings in which the defendant had counsel (*People* v. *Wolochen,* 15 A D 2d 538; *People* v. *Steinhauer,* 19 A D 2d 837). But in Maryland the preliminary hearing may be a critical proceeding in which rights of the defendant could have been asserted or lost (*White* v. *Maryland,* 373 U. S. 59). Since the procedure in Maryland is susceptible of that interpretation, defendant may be able at a hearing to demonstrate how his rights were affected (cf. *Pointer* v. *Texas,* 380 U. S. 400, 402–403). Once it is shown that in Maryland the preliminary hearing is, indeed, a critical stage in the proceedings, actual prejudice to the defendant need not be established, as we have held (*People* v. *Sykes,* 23 A D 2d 701). Accordingly, defendant is entitled to a hearing upon his claim.