The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Donald Eric WIMER, Gary Dean Wimer, Defendants-Appellants,

and

Michael Defalco, Defendant.

No. 77–789.

Colorado Court of Appeals, Div. III.

Sept. 20, 1979.

As Modified on Denial of Rehearing Oct. 25, 1979.

Certiorari Denied Jan. 7, 1980.

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Dick Gottsegen, Colorado Springs, for defendants-appellants.

KELLY, Judge.

Donald Eric Wimer and Gary Dean Wimer appeal their convictions of first degree assault and first degree burglary. Each defendant contends, among other things, that his right to a speedy trial has been violated because he was not brought to trial within the six-month limitation specified in § 18–1–405, C.R.S. 1973 (now in 1978 Repl. Vol. 8), and Crim.P. 48. We agree, and therefore reverse.

The defendants were arraigned and entered pleas of not guilty on May 27, 1976. The case was set for trial to commence October 27, 1976. Gary Wimer secured his release from custody by posting a surety bond. Donald remained in custody in the Morgan County jail.

While they were awaiting trial, the governor of Colorado issued a warrant for Donald pursuant to an extradition demand by the governor of California, who sought both defendants' presence in California to stand trial on pending first degree murder charges. Gary Wimer was arrested July 26, 1976, waived extradition, and was transported to California. Donald, on the other hand, contested his extradition by filing a petition for writ of habeas corpus, which was dismissed on September 17, 1976. He was surrendered to the California authorities who agreed that both defendants would be returned before trial on October 27, 1976. On October 25, the trial court granted the district attorney's motion for continuance, and reset the trial date to February 1, 1977. In this motion for continuance, the district attorney indicated that the defendants had yet to be tried in California. Following further delays not here relevant, the defendants' trial commenced on May 4, 1977.

We note that the facts recited above regarding the post-arraignment absence of the defendants from Colorado are based upon uncontroverted statements of counsel. No evidence, either testimonial or real, regarding the reason for the failure of the People to try the defendants within six months was offered at the dismissal motion hearings. Here, as in the trial court, the People rely entirely upon argument and upon documents which were attached to the prior motion for continuance, but were never properly admitted into evidence.

Section 18–1–405, C.R.S.1973, and Crim.P. 48 provide that if a defendant has not been brought to trial within six months after the entry of a plea of not guilty to the charge in question, the court shall grant a motion to dismiss. Thus, the defendants' trial should have commenced no later than November 27, 1976, unless any portion of the six months could have been excluded under the statute and the rule.

The People contend that the delay from the time the governor signed the extradition warrant for Donald and from Gary's waiver of extradition, to the defendants' return by the State of California to Morgan County was excludable because the delay was attributable to the defendants,[1] and because the defendants' whereabouts were

---

1. See § 18 1 405(6)(f), C.R.S.1973 (now in 1978 Repl.Vol. 8), and Crim.P. 48(b)(6)(VI).

known but their presence for trial could not be obtained.[2] We disagree.

The People's argument that the delay is attributable to the defendants is based upon the facts that Donald Wimer challenged his extradition to California, while his brother Gary waived extradition. The People contend that Gary's waiver of extradition was for the purpose of delaying the prosecution in Colorado, and that Donald filed a petition for writ of habeas corpus to make it impossible for California to proceed. Thus, according to the People, the defendants' combined actions deliberately delayed the Colorado prosecution beyond the statutory limits. Even if this were so, it does not render the delay attributable to the defendants within the meaning of the statute.

Donald Wimer's absence from Colorado originated with the issuance of the governor's extradition warrant, not with Donald's actions. The discretion rests with the governor of this state whether to hold or surrender a person against whom a criminal prosecution is here pending. Section 16–19–120, C.R.S.1973 (now in 1978 Repl.Vol. 8); *see Buffalo v. Tanksley*, 189 Colo. 45, 536 P.2d 827 (1965). Accordingly, delay initiated by the issuance of the governor's arrest warrant was attributable to the People.

Gary Wimer was arrested by Colorado authorities, waived extradition, and was delivered to the California authorities. The People argue that the waiver of extradition renders the delay attributable to the defendant. A defendant, however, is not required to waive or resist extradition proceedings in order to facilitate a pending prosecution. *See Thompson v. State*, 482 P.2d 627 (Okl.Cr.1971). On the contrary, "the only affirmative action required on the part of the defendant [is] that he move for a dismissal prior to trial." *Harrington v. District Court*, 192 Colo. 351, 559 P.2d 225 (1977); *People v. Abeyta*, 195 Colo. 338, 578 P.2d 645 (1978). Where a defendant has shown a prima facie violation of the Speedy Trial Act with no evidence in the record to the contrary, the burden of showing compli-

ance with the time requirements of the rule and statute rests with the trial court and the People. *People v. Abeyta, supra.* Here, the People have failed to meet this burden.

The People further argue that Donald was unavailable in that his whereabouts was known but his presence for trial could not be obtained, and that therefore, under § 18–1–405(6)(d), C.R.S.1973 and Crim.P. 48(b)(6)(IV), the period of his absence was excludable. This argument overlooks the fact that Donald was not unavailable at the time of trial because of his own actions. He was, as noted above, unavailable because of the discretionary action of the governor of Colorado in issuing an arrest warrant pursuant to the demand of the State of California. Prior to that action by Colorado's governor, Donald was in fact available for trial in this state.

In addition, Gary's waiver of extradition proceedings failed to render him unavailable. Section 16–19–126, C.R.S.1973 (now in 1978 Repl.Vol. 8), provides that a person charged with having committed a crime in another state who has been arrested in this state may waive the issuance and service of the governor's warrant as provided for in § 16–19–108, C.R.S.1973 and § 16–19–109, C.R.S.1973 (now in 1978 Repl.Vol. 8), and all other procedure incidental to extradition proceedings. Nothing in the Extradition Act, however, including a written waiver of extradition by the demanded person, constitutes a "waiver by this state of its right, power, or privilege to try such demanded person for [a] crime committed within this state . . . ." Section 16–19–127, C.R.S.1973 (now in 1978 Repl.Vol. 8).

The People had the affirmative duty to exercise their authority to try the defendant within the statutory period before allowing his departure to California. The record here shows no evidence of efforts by the People to obtain Gary's presence for trial on these charges by intervening in the proceedings which resulted in his transportation to California. Under these circum-

2. *See* § 18 1 405(6)(d), C.R.S.1973 (now in 1978 Repl.Vol. 8), and Crim.P. 48(b)(6)(IV).

stances, the provisions of § 18–1–405(6)(d), C.R.S.1973, and Crim.P. 48(b)(6)(IV) are inapplicable. *See People v. Abeyta, supra; People v. Murphy,* 183 Colo. 106, 515 P.2d 107 (1973); *Thompson v. State, supra. Cf. Smith v. Hooey,* 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); *ABA, Standards Relating to Speedy Trial* § 3.1; and *see ABA, Standards* § 12–2.3(e) (2d ed. Tent. Draft Commentary).

In view of the conclusions we have reached, it is not necessary to consider the other assignments of error.

The defendants' convictions are reversed and the cause is remanded to the trial court for dismissal of the informations.

RULAND and BERMAN, JJ., concur.