The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Derrell Vincent MOYE,
Defendant-Appellee.

No. 80SA265.

Supreme Court of Colorado,
En Banc.

Sept. 8, 1981.
Rehearing Denied Oct. 5, 1981.

Nolan Brown, Dist. Atty., Ronald E. Foster, Deputy Dist. Atty., Golden, for plaintiff-appellant.

J. Gregory Walta, Colorado State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for defendant-appellee.

HODGES, Chief Justice.

The People appeal the district court's order dismissing the criminal action pending against the defendant-appellee. The district court ruled that the defendant had not been brought to trial within the six-month speedy trial period imposed by section 18–1–405, C.R.S.1973 (1978 Repl. Vol. 8) and Crim. P. 48. We reverse.

The chronology of events must be set forth with particularity in order to understand the issue in this case. On October 12, 1978, the defendant was charged by information filed by the Jefferson County district attorney's office with first-degree burglary, kidnapping, and possession of narcotic drugs. The defendant appeared with private counsel at his arraignment on February 5, 1979 and entered his plea of not guilty to the charges.

Trial was set for June 12, 1979. On April 2, 1979, the defendant appeared with counsel and waived speedy trial, and the trial date was rescheduled to August 28, 1979. On May 18, 1979, defense counsel appeared before the trial court, accompanied by the defendant, and requested leave to withdraw from representation of the defendant. Defense counsel was permitted to withdraw from the case, and the public defender was appointed by the trial court to represent the defendant subject to the determination of the defendant's indigency. A hearing was then scheduled for June 11, 1979 in order to determine the financial ability of the defendant to retain private counsel. The trial court ordered the defendant to appear on his bond at this hearing, and specifically asked the defendant whether he understood that his presence was required at this hear-

ing. The defendant responded affirmatively. He however failed to appear at this hearing. The public defender for Jefferson County appeared on his behalf and advised the prosecution and trial court that the defendant had not contacted their office.

On August 20, 1979, the public defender appeared without the defendant before the trial court and requested that the August 28th trial date be postponed. The public defender stated that the defendant had been advised of this trial setting hearing. The trial court was also informed by the public defender that the defendant was waiving his speedy trial right for another six-month period by asking for this continuance. The trial court reset the trial date to January 22, 1980. The public defender was ordered by the trial court to advise the defendant of the new trial date, and a bond appearance was set for the defendant on August 28, 1979. The district court ordered that if the defendant did not make this bond appearance and personally waive speedy trial on the record, his trial would commence without further delay. The defendant failed to comply with his August 28th bond appearance and a bench warrant was issued for his arrest.

Meanwhile, the following events transpired. On July 6, 1979, the defendant was arrested by Denver police officers pursuant to an extradition warrant from the state of Idaho. On August 26, 1979, the governor of Colorado issued a warrant for the defendant's extradition. The defendant contested his extradition, being represented by the public defender for the City and County of Denver. Until the defendant was extradited, he was incarcerated in Denver city and county jails. Not until 8:00 p.m. on September 18, 1979 did the Denver law enforcement authorities learn that the defendant had charges pending against him in Jefferson County. Nor had the district attorney for Jefferson County previously been aware of the defendant's arrest in the City and County of Denver, and the extradition proceeding. On September 19, 1979, the defendant was extradited to Idaho.

On January 22, 1980, the date which had been reset for the defendant's trial at the request of the public defender, the public defender appeared without the defendant. The trial court was advised that the defendant was incarcerated in Idaho. On February 29, 1980, following the February 20, 1980 six-month anniversary since the public defender had requested a new trial date, the public defender moved to dismiss the pending charges for lack of a speedy trial. After a hearing on the motion, the district court ordered the criminal action against the defendant dismissed. It ruled that *People v. Wimer*, Colo.App., 604 P.2d 1183 (1979), is dispositive of the speedy trial issue and that delay caused by an intervening extradition was attributable to the People and not to a defendant.

Although the trial court ruled that the defendant's right to a speedy trial had been violated when he was not brought to a trial before February 20, 1980, the six-month anniversary following the public defender's request for a new trial date, this is not the central issue in this case. The focal question, however, and the only one we need address, is whether the failure to bring defendant to trial within six months from the date of his arraignment on February 5, 1979, was attributable to the defendant. From this perspective, it becomes clear that the resulting delays in this case are attributable to the defendant.

A fundamental purpose of the speedy trial statute and rule is to prevent unnecessary prosecutorial and judicial delays to a pending criminal proceeding. *See generally Marquez v. District Court*, Colo., 613 P.2d 1302 (1980); *People v. Peek*, Colo., 604 P.2d 23 (1979); *People v. Murphy*, 183 Colo. 106, 515 P.2d 107 (1973); *Jaramillo v. District Court*, 174 Colo. 561, 484 P.2d 1219 (1971). The public interest and the interest of the accused require an expeditious determination of guilt or innocence so that the guilty can be sentenced and the innocent exonerated. *Jaramillo v. District Court, supra*. A just result is intended. Accordingly, the speedy trial statute and rule both contain exceptions to the mandatory six-

month speedy trial period which provide for the exclusion of periods of delay which are excusable and therefore ought not to be attributed to the prosecution, or are delays which ought to be attributed to the defendant or defense counsel. *See generally* section 18–1–405, C.R.S. 1973, Crim. P. 48 (b).

One such exception is contained in section 18–1–405(6)(d), C.R.S. 1973 and Crim. P. 48(b)(6)(IV) which provide that the following period of time shall be excluded from the six-month speedy trial period:

"The period of delay resulting from the voluntary absence or unavailability of the defendant; however, a defendant shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained, or he resists being returned to the state for trial; . . ."

An obvious purpose of this exception to the running of the speedy trial period is to exclude that period of time during which a defendant makes himself unavailable for further criminal justice proceedings. *See generally* ABA Standards for Criminal Justice 12–2.3(e) and commentary at 12–31 (2d ed. 1980). A period of delay caused by the defendant's avoidance of the criminal justice system can only be attributed to the defendant. The defendant's unavailability precludes conducting necessary pretrial hearings and the trial. *See generally Germany v. People*, 198 Colo. 337, 599 P.2d 904 (1979).

In this case, the defendant was advised on May 18, 1979 of an indigency hearing to be held on June 11, 1979. The trial court informed the defendant that his presence would be required at this indigency hearing, and scheduled a bond appearance. The defendant indicated to the trial court that he understood that his appearance at this hearing was mandatory. Nevertheless, the defendant failed to appear. Thereafter, the defendant's whereabouts were unknown to either the district attorney or the trial court until the defendant's extradition to Idaho was completed. Subsequently, the defendant's presence in Idaho was known, but a criminal prosecution was then pending in that state.

The district court dismissed the charges against the defendant in this case finding *People v. Wimer, supra,* to be dispositive of the question whether the delay caused by the defendant's extradition was attributable to the defendant or to the People. In *Wimer,* the court of appeals held that a period of delay resulting from a defendant's extradition to another state while criminal charges were pending in Colorado is attributable to the People because the governor, acting on behalf of the People and as the chief executive, exercised his discretion in surrendering the fugitives rather than delaying extradition until after the completion of the pending Colorado proceedings.

This case is significantly different than *Wimer.* The defendant failed to make a scheduled bond appearance on June 11, 1979. Thereafter, the district attorney, the district court, and apparently the public defender for Jefferson County, did not know of the defendant's whereabouts. The defendant had an affirmative duty to make his scheduled bond appearance. *See generally* section 16–4–103(2), C.R.S. 1973 (1978 Repl. Vol. 8); Crim. P. 46(a)(2)(II). After failing to fulfill his obligation, the defendant never informed the trial court of his whereabouts. His failure to do so, coupled with his failure to make any subsequent scheduled court appearances, can only be interpreted as his voluntary absence and unavailability for further criminal justice proceedings.

In this light, the defendant's extradition to Idaho, and the resulting delay, must be attributed to the defendant. By failing to disclose his whereabouts, *i.e.,* his detention in Denver, the defendant effectively precluded the Jefferson County district attorney from objecting to his extradition. This case is therefore distinguishable from *Wimer.* In *Wimer,* the prosecuting authorities were aware of the pending extradition proceedings.

The period of delay from June 11, 1979 until the defendant's return to this state is therefore attributable to the defendant as the period of his voluntary absence or una-

vailability. This period of delay must consequently be excluded from the applicable six-month speedy trial period. The period of time consumed by the People's appeal in this case also must be excluded from the speedy trial period. *See People v. Jamerson*, 198 Colo. 92, 596 P.2d 764 (1979).

The judgment of the district court is reversed, and the cause is remanded for further proceedings consistent with this opinion.