**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Arthur James MASCARENAS, Defendant-Appellant.**

**No. 80CA0721.**

Colorado Court of Appeals, Div. I.

Nov. 19, 1981.

Rehearing Denied Dec. 10, 1981.

Certiorari Denied April 5, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Larry D. Tannenbaum, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Arthur James Mascarenas, appeals the denial of his motion for post-conviction relief following his plea of guilty to first degree murder. We affirm.

Following the fatal shooting of a bartender during an armed robbery, Mascarenas was charged with first degree murder, aggravated robbery, and conspiracy. Contrary to the advice of his court appointed counsel, Mascarenas agreed to plead guilty to the charge of first degree murder in return for the state's dismissal of the other charges. After a full questioning at the providency hearing, the court determined that Mascarenas' plea was knowingly and voluntarily made. The plea was accepted, the district attorney stipulated a consent to its entry without a formal written agreement, and Mascarenas was sentenced to life imprisonment.

Thereafter, Mascarenas' new counsel filed several motions pursuant to Crim.P. 35(c). The court granted Mascarenas' first motion for a psychiatric examination, but refused his later request for a second examination. The court also denied Mascarenas' motion for post-conviction relief which motion asserted (1) a failure to comply with Crim.P. 11(b)(7) in that the plea agreement was not reduced to writing; (2) the denial of reasonably effective assistance of counsel; (3) the acceptance of a guilty plea not knowingly and voluntarily made; and (4) the failure to comply with Crim.P. 11 at the providency hearing in that it was not determined whether defendant was under the influence of drugs.

■ Mascarenas' first claim, that he is entitled as a matter of due process to a second psychiatric examination conducted by a doctor of his own choosing, is without merit.

Under § 16–8–106, C.R.S. 1973 (1978 Repl.Vol. 8) the trial court may require defendant to make a showing of good cause before it orders a second psychiatric examination. *Massey v. District Court*, 180 Colo. 359, 506 P.2d 128 (1977). Here, the record

reflects that the trial court concluded that Mascarenas had failed to demonstrate good cause for the appointment of an additional psychiatrist. That determination, having support in the record, will not be disturbed on review.

■ Mascarenas asserts next that the failure of the district attorney to file a written consent to entry of his guilty plea constitutes reversible error. We disagree. Although no written consent was filed, the district attorney orally consented on behalf of the People at the providency hearing. That consent, made on the record, substantially complies with the requirements of Crim.P. 11(b)(7). *See People v. Waters*, Colo.App., 641 P.2d 292 (1981). Mascarenas has failed to show any way in which he was prejudiced by the oral as opposed to a written consent. Accordingly, reversal is inappropriate. *See Lucero v. People*, 164 Colo. 247, 434 P.2d 128 (1967).

■ Mascarenas further contends that he was denied reasonably effective assistance of counsel because his court-appointed attorney did not orally argue his motion to dismiss alleging the unconstitutionality of the death penalty. This argument cannot stand. Mere strategic or judgmental errors by counsel do not constitute incompetent representation. *Dolan v. People*, 168 Colo. 19, 449 P.2d 828 (1969).

■ The essence of Mascarenas' final contentions of error is that his guilty plea was not knowingly and voluntarily made, and that the trial court erred in accepting it. The record belies Mascarenas' allegations and supports the trial court's determination that Mascarenas' plea was indeed knowingly and voluntarily made. *See People v. Gonzales*, 38 Colo.App. 522, 565 P.2d 945 (1977).

Judgment affirmed.

COYTE and VAN CISE, JJ., concur.