The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Larry SCHERRER, Defendant-Appellant.

No. 82CA0864.

Colorado Court of Appeals,
Div. II.

June 30, 1983.

Rehearing Denied July 28, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Laura Udis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Hackethal, McNeill & Aucoin, P.C., George C. Aucoin, Randall Bachman, Lakewood, for defendant-appellant.

STERNBERG, Judge.

The defendant, Larry Scherrer, was convicted after a jury trial of felony menacing and cultivation/manufacture of cannabis. He appeals and we affirm.

During a hearing to determine Scherrer's eligibility for a court-appointed attorney, the court expressed its concern as to Scherrer's competency to proceed. This concern stemmed from the inconsistent nature of Scherrer's responses to questions and his emotional demeanor in court.

Based upon these concerns, the court suspended all further proceedings and ordered Scherrer transported to the state hospital at Pueblo for a competency examination. Scherrer was determined to be competent to proceed. In due course thereafter, a preliminary hearing was held and he was bound over for trial.

The evidence produced at trial indicated that Scherrer had reported to law enforcement authorities for Delta County his discovery of marijuana growing in a field which he was cultivating. Two members of the sheriff's department, a photographer, and Scherrer went to the field. As they were pulling marijuana from the ground and carrying it to the edge of the field, one officer testified that he saw Scherrer point a rifle at another officer and heard him announce that he was taking charge.

Scherrer then fled from the scene. When the officers attempted to radio for help they discovered that their radio equipment was missing and the engine of the car had been tampered with. They found the radio and a piece of wire from the engine in Scherrer's abandoned van together with some of the marijuana that had been pulled from the field.

Numerous photographs of the marijuana, the radios, some ammunition, and of Scherrer leaving the scene were admitted into evidence. Also admitted was a letter written by Scherrer to the trial court stating that "[a]ll charges against me are false except cultivation of cannabis and there are extenuating circumstances concerning this charge." Scherrer admitted to holding the weapon but denied pointing it at the officer or threatening him.

On appeal, Scherrer asserts that (1) he was committed to the state hospital without due process of law; (2) a discussion in chambers from which he was absent violated his right to be present at every stage of the trial; (3) the photographs should not have been admitted because their cumulative effect was inflammatory; and (4) the evidence does not support his conviction. We disagree with all contentions.

I.

Section 16–8–110(2)(a), C.R.S.1973 (1978 Repl.Vol. 8) provides:

"If the judge has reason to believe that the defendant is incompetent to proceed [at that stage of the proceedings against him], it is his duty to suspend the proceeding and determine the competency or incompetency of the defendant ...."

And, § 16–8–111(1), C.R.S.1973 (1978 Repl. Vol. 8) provides that if:

"the court feels that the information available to it is inadequate to make such finding [as to competency], it may order a competency examination."

This duty to suspend the proceedings arises even if no more than a "doubt" is entertained as to a defendant's competency. *Jones v. District Court,* 617 P.2d 803 (Colo. 1980); *Bresnahan v. People,* 175 Colo. 286, 487 P.2d 551 (1971). Being concerned about Scherrer's competency to proceed, the court properly suspended the proceedings and ordered a competency examination.

We agree that confinement to the state hospital was an infringement of Scherrer's liberty. However, weighing the limited duration of that infringement against Scherrer's and society's interest that no person be tried if incompetent to proceed, and considering the practical difficulties of a more elaborate procedure to evaluate the need for a determination of competency, we hold that ordering a competency examination based on Scherrer's responses to questions did not deprive him of his liberty without due process of law. *See People v. Chavez,* 629 P.2d 1040 (Colo.1981).

Nor did Scherrer's lack of counsel at this non-critical stage in the proceedings violate his right to counsel. At this time a significant restraint on his liberty or other criminal sanction was not involved; thus, criminal procedural safeguards did not attach. *See Denbow v. District Court,* 652 P.2d 1065 (Colo.1982).

## II.

Scherrer also asserts error in the court's admission of numerous photographs, alleging their cumulative effect was inflammatory. Scherrer did not indicate which of the sixteen photographs form the basis for this argument, but we are able roughly to determine this from a review of the transcript, and we disagree with his assertion.

Admission of photographic evidence is a matter left to the sound discretion of the trial court. *People v. Roark,* 643 P.2d 756 (Colo.1982). That discretion will not be disturbed on review if a foundation was laid and they are relevant, unless it is clearly shown that the photographs might unnecessarily inflame the minds of the jurors. *People v. Thorpe,* 641 P.2d 935 (Colo.

1982). Here, the foundation and relevancy of the photographs is not contested, and after viewing them, we cannot say that their cumulative effect would incite the jurors to passion or prejudice.

## III.

Scherrer's final assertion of error, that there is insufficient evidence in the record to support the verdict, is without merit. To test this contention, we must determine whether, the evidence, when viewed as a whole and in a light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that Scherrer is guilty of the crimes charged beyond a reasonable doubt. *See, e.g., People v. Mason,* 642 P.2d 8 (Colo.1982). Although the evidence was in conflict, the jury reasonably could have believed that Scherrer threatened the deputy sheriff with a deadly weapon, and that he cultivated the marijuana. The jury's verdict, therefore, may not be disturbed.

The other contention of error is without merit.

The judgment is affirmed.

PIERCE and SMITH, JJ., concur.