The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Donald WIMER, Defendant-Appellant.

No. 82CA0366.

Colorado Court of Appeals, Div. III.

Dec. 29, 1983.

Rehearing Denied Jan. 26, 1984.

Certiorari Denied April 9, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Donald Eric Wimer, seeking reversal of a conviction for first degree assault, appeals the trial court's denial of his Crim.P. 35(c) motion in which he alleges a violation of his constitutional right to effective assistance of counsel. We affirm.

### I.

We first address the People's claim that the filing of this motion constitutes an abuse of process and, therefore, its denial must be sustained. We disagree.

Defendant previously attacked his conviction by the filing of a Crim.P. 35(c) motion which challenged the constitutionality of the first degree assault statute. The denial of this motion was affirmed in *People v. Wimer*, 197 Colo. 191, 591 P.2d 87 (1979).

The filing of successive Crim.P. 35(c) motions is impermissible under certain circumstances. However, the factual and legal allegations raised in the instant appeal have not previously been fully and finally decided. Consequently, we cannot say that the filing of this second Crim.P. 35(c) motion constitutes an abuse of process. *See People v. Bastardo*, 646 P.2d 382 (Colo.1982); *People v. Hubbard*, 184 Colo. 243, 519 P.2d 945 (1974); *People v. Scheer*, 184 Colo. 15, 518 P.2d 833 (1974).

### II.

Defendant's appeal from the trial court's denial of his Crim.P. 35(c) motion presents the following question for review: Whether

trial counsel's failure to commence the running of the six-month statutory right to a speedy trial by entering a not guilty plea constituted ineffective assistance of counsel.

On April 5, 1976, defendant was charged by information with first degree assault. A hearing was held on May 24, 1976, at which time defendant testified he was unable to afford an attorney. Thereafter, the trial court appointed an attorney who appeared with defendant on June 14, 1976, and requested a preliminary hearing. No plea was entered.

On June 21, 1976, counsel appeared on behalf of defendant and requested a continuance of the preliminary hearing on the basis that plea negotiations on charges pending against defendant in Morgan County contemplated dismissal of the Weld County charge. Thereafter, additional continuances of the preliminary hearing were granted on various motions of the state and the defendant. Defendant did not appear before the court again until January 1977 upon his return from California where he had been extradited to stand trial on first degree murder charges. *See People v. Wimer,* 43 Colo.App. 237, 604 P.2d 1183 (1979). On May 23, 1977, the date set for trial, pursuant to plea agreement, defendant changed his not guilty plea, which had been entered in January, to guilty, and was subsequently sentenced.

■ A defendant whose "counsel perform[s] as an effective advocate 'within the range of competence demanded of attorneys in criminal cases' " is not denied effective assistance of counsel guaranteed by the Sixth Amendment. *People v. Johnson,* 638 P.2d 61 (Colo.1982); *People v. Jones,* 665 P.2d 127 (Colo.App.1982). He is constitutionally entitled to reasonably effective assistance of counsel, *People v. Velasquez,* 641 P.2d 943 (Colo.1982), and mere strategic or judgmental errors do not constitute incompetent representation. *People v. Mascarenas,* 643 P.2d 786 (Colo.App.1982).

■ In determining whether a defendant has received his constitutional entitlement and has not been denied fundamental fairness, all circumstances surrounding the course of proceedings must be reviewed. *People v. Velasquez, supra.*

■ In ruling on a Crim.P. 35(c) motion, the trial court may refer to the complete record of the proceedings challenged thereby. *Bresnahan v. People,* 175 Colo. 286, 487 P.2d 551 (1971). However, the regularity of the proceedings is presumed, and the burden of proof is upon the defendant to establish the allegations contained in the motion. *Lamb v. People,* 174 Colo. 441, 484 P.2d 798 (1971). Therefore, a hearing is provided to permit the defendant to introduce relevant evidence not contained in the record. *Bresnahan v. People, supra.*

■ Here, despite the fact that defendant's trial counsel was available to testify at the Crim.P. 35(c) hearing, the only evidence offered by the defendant was his own testimony, the basic thrust of which indicated that he believed he had entered a plea of not guilty on May 24, 1976, and that trial counsel had not advised him of his right to a speedy trial at that time. Examination of the defendant by the trial court showed that his memory of the events, which had occurred approximately five years before, was hazy at best. Moreover, the record shows that the defendant did not enter a plea on May 24, 1976, but chose to request a preliminary hearing. No other evidence relevant to the issue on appeal was adduced during the hearing.

Neither the record leading up to the defendant's entry of a guilty plea, conviction, and sentencing, nor the record of the Crim.P. 35(c) hearing contained evidence sufficient to establish his claim of ineffective assistance of counsel. *See People v. McClellan,* 183 Colo. 176, 515 P.2d 1127 (1973). A defendant, in order to avail himself of the statutory right to speedy trial, must commence the running of the six-month time period by entering a plea. Section 18–1–405(1), C.R.S.1973 (1978 Repl.Vol. 8); *People v. Velasquez, supra.* To avail himself of the statutory right to a preliminary hearing on charges filed by direct

information, a defendant must file a motion *prior* to plea. Section 16–5–301, C.R.S. 1973 (1978 Repl.Vol. 8); Crim.P. 7(h). This statutory scheme requires strategic, tactical judgment on behalf of trial counsel, and inasmuch as the record is silent as to the reasons why a plea was not entered prior to January 1977, we cannot concluded that defendant was denied reasonably effective assistance of counsel in violation of his Sixth Amendment rights.

### III.

Defendant also claims to be entitled to credit for 432 days of presentence confinement. This claim has been conceded by the People. Crim.P. 36; *People v. Mason*, 643 P.2d 745 (Colo.1982). And, although the trial court intended to grant this credit, the mittimus is deficient in this respect. Therefore, we remand the matter to the district court with direction to amend the mittimus to reflect credit for 432 days of presentence confinement.

The judgment of the trial court denying defendant's Crim.P. 35(c) motion is affirmed, and the cause is remanded for amendment of the mittimus.

STERNBERG and TURSI, JJ., concur.