### No. 25458

**The People of the State of Colorado v. Kenneth Vernon Murphy**
(515 P.2d 107)

Decided October 23, 1973.

Alexander M. Hunter, Jr., District Attorney, Stanley F. Johnson, District Attorney, Robert M. Jenkins, Chief Deputy, Michael H. Bynum, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, William R. Gray, Deputy, Lee Allen Hawke, Deputy, Douglas H. Brown, Deputy, Timothy S. Borden, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

This is an appeal by the district attorney who challenges the trial court's dismissal of burglary and theft charges against defendant Murphy. The basis for dismissal was the trial court's finding that the trial of the defendant was delayed for more than one year and that Crim. P. 48(b) thus required dismissal.

In pertinent part, Crim. P. 48(b) provides:
". . . If the trial of a defendant is delayed more than one year after the trial court obtains jurisdiction over the person of the defendant, unless the delay is occasioned by the action or request of the defendant or except that time consumed by any interlocutory appeals shall not be calculated in the time limits imposed herein, the court shall dismiss the indictment or information; and the defendant shall not thereafter be tried for the same offense."

The elapsed time between the filing of the information on May 27, 1970 and the final trial date was one year, five months and four days. The defendant was under arrest when the information was filed. Therefore, the court obtained jurisdiction over the person of this defendant on the filing date for the purpose of this rule.

The defendant acknowledges and the record reveals that four months and twenty-two days of the elapsed time were consumed as the result of an interlocutory appeal and a

continuance requested by the defendant. This amount of time when subtracted, in accordance with Crim. P. 48(b) from the total elapsed time leaves a balance of one year and twelve days.

The district attorney argues that five other delays should be attributed to the defendant, and that any one of these delays if subtracted from the one year and twelve days, would reduce the time to less than one year, and therefore, render the trial court's dismissal under Crim. P. 48(b) improper.

 Of the five delays which the district attorney states should have been chargeable to the defendant, two of the delays involve issues of fact resolved in favor of defendant. The determination of these issues are not appealable under C.R.S. 1963, 39-7-26(2), which specifically limits the appeal by a district attorney to questions of law only. We therefore disregard the district attorney's arguments on these two delays. As to the remaining three delays, the trial court correctly resolved the issues of law in favor of the defendant. We therefore affirm.

The three delays in issue here are briefly described and resolved as follows:

I.

 The district attorney asserts that the time consumed between the filing of and the hearing on defendant's motion to suppress should have been attributed to the defendant. Whatever the merit of that contention may be, the record in this case clearly indicates that the accused could have been brought to trial within one year but for the unreasonable delays clearly attributable to the prosecution. We therefore dismiss this contention from further consideration.

 In computing the time chargeable to a defendant in connection with speedy trial determinations, any prolonged lapse of time which causes a trial date to be extended, should be carefully analyzed by the trial court to ascertain what part, if any, was due to delays at the request of or for the benefit of the defendant. The time involved in such delays is properly chargeable to a defendant. *See Barker v. Wingo,* 407

U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101.

## II.

The delay between the Supreme Court's decision on the interlocutory appeal and defendant's next appearance in court should have been charged to the defendant according to the district attorney's argument.

 The record shows that the trial court made bond returnable on notice. The defendant was not required to appear in court at any specific time following the decision on the interlocutory appeal but was to return to court upon notice. The district attorney made no effort to initiate proper notice to the defendant to appear until a considerable time had elapsed. The burden of initiating and expediting proper notice to a defendant in these circumstances is on the district attorney. It is the joint responsibility of the district attorney and the trial court to assiduously avoid any occasion for a useless and unnecessary delay in the trial of a criminal case. *People v. Bates,* 155 Colo. 277, 394 P.2d 134 (1964). The trial court ruled correctly when it refused to charge this delay to the defendant.

## III.

 The district attorney contends that the delay resulting from the absence of the defendant at a court appearance on March 26, 1971 is attributable to the defendant. This contention is without merit because the district attorney on this occasion was aware that the defendant was being held in custody in another county concerning a different charge. The district attorney had the burden of obtaining the presence of the defendant under these circumstances through a habeas corpus *ad prosequendum. Scott v. People,* 176 Colo. 289, 490 P.2d 1295 (1971).

Judgment affirmed.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES do not participate.