## No. 27185

### The People of the State of Colorado v. Tony L. Talarico

(560 P.2d 90)

Decided February 22, 1977.

Dale Tooley, District Attorney, Second Judicial District, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Carol L. Gerstl, Deputy, for defendant-appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The defendant was arrested by Denver police officers when he was found tampering with a coin box. A subsequent body search disclosed three knives in his possession. He was charged by the police with violation of section 18-4-204, C.R.S. 1973, burglary, and Denver City Ordinance, sections 845.1-1 and 845.3, possession of concealed weapons and unlawful knives. Later on the day of the arrest, the defendant pleaded guilty to violation of the ordinances in municipal court.

Three days later, the district attorney filed an information charging the defendant with violation of section 18-4-204, C.R.S. 1973, third-degree burglary, and section 18-2-201, C.R.S. 1973, conspiracy. The trial court in that action dismissed the state charges concluding that section 18-1-408(2), C.R.S. 1973, precluded the district attorney from filing charges stemming from conduct, punishable by the state, which had formed the basis for municipal prosecution. The district attorney thereupon filed an appeal in the court of appeals and on motion we accepted transfer to this court. We now reverse.

At the outset, it is important to remember what issue this case does *not* present. There is no contention that the state prosecution in any way constitutes double jeopardy, and of course, it does not. Here the state charges contain elements and require evidence which is wholly distinct from that required under the charges in the municipal prosecution. *See Martinez v. People*, 174 Colo. 365, 484 P.2d 792 (1971).

We are concerned in this appeal with the construction of a state statute which seeks to prevent vexatious prosecution and harrassment of a defendant by a district attorney who initiates successive prosecutions for crimes which stem from the same criminal episode. *See People v. District Court*, 183 Colo. 101, 515 P.2d 101 (1973). Section 18-1-408(2), C.R.S. 1973 provides:

"If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any such offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution."

Thus, where there was no knowledge or participation by the district attorney in the decision to prosecute different offenses in both the municipal and state systems, the statute does not apply.

■ In *People v. Pinyan*, 190 Colo. 304, 546 P.2d 488 (1976), this court concluded that the statute did not preclude prosecution in both municipal and state systems for crimes arising from the same criminal episode, at least in situations where there was no counterpart to the municipal offense under state law. Here, there was a state statute which prohibited substantially the same conduct as that which formed the basis of the municipal conviction, illegal possession of knives. Nonetheless, that distinction has no significance under our construction of the statute. While principles of double jeopardy preclude reprosecution by the state for that conduct, section 18-1-408(2), C.R.S. 1973, does not limit the authority of the district attorney to initiate his prosecutions for other interdicted conduct even though it occurred during the same criminal episode.

Significantly, a Colorado statute specifically defines the capacity of the state to prosecute when there has been a previous prosecution in a municipality. Section 18-1-303(1)(a), C.R.S. 1973, provides that an acquittal or conviction of municipal charges based on the same conduct will act as a bar to state charges unless:

"The offense for which the defendant was formerly convicted or acquitted requires proof of a fact not required by the offense for which he is subsequently prosecuted and the law defining each of the offenses is intended to prevent a substantially different harm or evil . . ."

Here, the distinction between prosecutions for burglary and possession of knives is clear, and with the district attorney having filed a single prosecution containing the multiple counts on which he would then proceed, there is no statutory bar to prosecution.

The judgment of the district court is reversed and the cause remanded for further proceedings.

MR. JUSTICE GROVES does not participate.