**Harold WILLIAMSEN, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 85SC211.**

Supreme Court of Colorado, En Banc.

April 6, 1987.

Harry J. Holmes, Hal D. Blacker, Longmont, for petitioner.

Alexander M. Hunter, Dist. Atty., Bryan W. Quiram, Deputy Dist. Atty., Boulder, for respondent.

ERICKSON, Justice.

The defendant, Harold Williamsen, was convicted by a Boulder County Court jury of driving while under the influence of

alcohol (DUI). *See* § 42–4–1202(1)(a), 17 C.R.S. (1984). The conviction was affirmed on appeal to the Boulder County District Court. We granted certiorari and now affirm the district court.

The defendant claims that the district court erred in affirming his conviction because (1) trial was not commenced within six months after he entered a plea of not guilty as required by the speedy trial statute, section 18–1–405, 8B C.R.S. (1986); (2) the compulsory joinder statute, section 18–1–408, 8B C.R.S. (1986), required joinder of the DUI charge with the separately charged traffic infraction; (3) the doctrine of collateral estoppel precluded the prosecution from introducing evidence that the defendant ran a red light immediately before his arrest for driving under the influence; and (4) evidence of the defendant's acquittal of the traffic infraction was improperly excluded in the DUI trial.

## I.

## FACTS

On July 24, 1983, at 7:15 p.m., Cheryl Zemko was driving home from the grocery store in Longmont, Colorado. She stopped to wait for a red light at the intersection of 17th and Francis Streets. After the traffic signal turned green, she entered the intersection and her automobile was struck by a pickup truck driven by the defendant. Colorado State Patrolman Thomas J. Seaman (patrolman) investigated the collision. Both Zemko and the patrolman detected the odor of an alcoholic beverage on the defendant's breath. At the patrolman's request, the defendant consented to perform a roadside sobriety test. The patrolman testified that the defendant failed the test. He was then arrested and consented to a breath test which established a blood alcohol content of .178.

The defendant was issued a summons and complaint for driving while under the influence of intoxicating liquor, section 42–4–1202(1)(a), 17 C.R.S. (1984) (DUI),[1] and driving with a blood alcohol content of 0.15 or more, section 42–4–1202(1.5), 17 C.R.S. (1984)[2] (DUI "per se"). The defendant was also issued a separate summons and complaint, returnable in the referee's division of the county court, for violating a red signal light, a class A traffic infraction. *See* § 42–4–504, 17 C.R.S. (1984).[3]

1. Section 42–4–1202(1)(a), 17 C.R.S. (1984), provides that it is "a misdemeanor for any person who is under the influence of intoxicating liquor to drive any vehicle in this state." Section 42–4–1202(2), 17 C.R.S. (1984) sets forth the presumptions that are created by the amount of alcohol in the defendant's blood or breath. The pertinent subsections provide:

   (c) If there was at such time 0.10 or more grams of alcohol per one hundred milliliters of blood as shown by chemical analysis of such person's blood or if there was at such time 0.10 or more grams of alcohol per two hundred ten liters of breath as shown by chemical analysis of such person's breath, it shall be presumed that the defendant was under the influence of alcohol.

   (d) The limitations of this subsection (2) shall not be construed as limiting the introduction, reception, or consideration of any other competent evidence bearing upon the question of whether or not the defendant was under the influence of intoxicating liquor or whether or not his ability to operate a vehicle was impaired by the consumption of alcohol.

2. Section 42–4–1202(1.5), 17 C.R.S. (1984), sets forth:

   (a) It is a misdemeanor for any person to drive any vehicle in this state when the amount of alcohol in such person's blood is 0.15 or more grams of alcohol per hundred milliliters of blood or 0.15 grams or more of alcohol per two hundred ten liters of breath at the time of the commission of the alleged offense, as shown by chemical analysis of such person's blood or breath.

   (b) In any prosecution for a violation of this subsection (1.5), the defendant shall be entitled to offer direct and circumstantial evidence to show that there is a disparity between what the chemical test shows and other facts so that the trier of fact could infer that the test was in some way defective or inaccurate. Such evidence may include testimony of nonexpert witnesses relating to the absence of any or all of the common symptoms or signs of intoxication for the purpose of impeachment of the accuracy of the chemical analysis of the person's blood or breath.

3. Section 42–4–504, 17 C.R.S. (1984) states in pertinent part:

   (1) No driver of a vehicle shall disobey the instructions of any official traffic control device including any official hand signal device placed or displayed in accordance with the provisions of this article unless otherwise directed by a police officer subject to the exceptions in this article granted the driver of an authorized emergency vehicle.

The defendant was found not guilty of the red signal light charge after a hearing before a Boulder County Court referee in December 1983. He had previously entered a plea of not guilty to the DUI charge in the county court on August 17, 1983, and trial was set for February 4, 1984. On the day of trial, the defendant moved for dismissal of the DUI charges because of the prosecution's failure to join the traffic infraction and DUI charges in accordance with the compulsory joinder statute.

The trial court took the motion to dismiss under advisement and requested "written authority from both" the prosecution and the defense. The defense was given fifteen days to submit a brief and the prosecution was to answer within ten days after the defendant's brief was filed. The defense also made an oral motion *in limine* to exclude any testimony regarding the defendant's failure to obey the red signal light. The defendant contended that acquittal of the traffic infraction by the county court referee collaterally estopped the prosecution from introducing evidence of the red light infraction at the DUI trial. The trial judge deferred ruling on the collateral estoppel issue until the compulsory joinder question was resolved.

The defense brief was filed on February 24, 1984. On March 5, 1984, the prosecution requested an extension of time and was granted until March 27, 1984 to file an answer brief. The answer brief was filed and the trial judge denied the defendant's motion to dismiss on April 12, 1984. A new trial date was set for May 22, 1984 and continued at the request of the prosecution to May 30, 1984.

Before trial, the defendant moved to dismiss the DUI charges because trial did not commence within six months of his plea of not guilty. § 18–1–405, 8B C.R.S. (1986).

The trial judge concluded that the delay was "caused at the instance of the defendant" within the meaning of section 18–1–405(6)(f), 8B C.R.S. (1986), and denied the motion to dismiss.

The defendant also renewed his motion *in limine* to exclude testimony relating to his failure to stop for the red light before his pickup collided with Zemko's automobile. The trial judge concluded that collateral estoppel did not prohibit testimony of what Cheryl Zemko observed. However, the trial court granted the motion in part and excluded all reference to the issuance of the summons and complaint for the red light violation and to the traffic infraction hearing. As a result, the defendant was not permitted to introduce evidence of his acquittal.

The defendant was convicted and appealed to the district court. *See* section 13–6–310(1), 6 C.R.S. (1973). The district court affirmed the trial court's denial of the motions to dismiss on speedy trial and compulsory joinder grounds, as well as its evidentiary ruling.

## II.

### SPEEDY TRIAL

Section 18–1–405(1), 8B C.R.S. (1986), provides that, "if a defendant is not brought to trial on the issues raised by the complaint, information or indictment within six months from the date of the entry of a plea of not guilty ... the pending charges shall be dismissed...." [4] *See also* Crim.P. 48(b)(1).[5] The defendant pleaded not guilty on August 17, 1983, and the speedy trial time period expired on February 17, 1984.

■ The statute requires dismissal if trial is not commenced within the six-month period, excluding the delays specifically listed in the statute. *People v. Deason,*

---

.... (5) Any person who violates any provision of this section commits a class A traffic infraction.

4. In urging that the dismissal of the DUI charges was required in this case, the defendant relies exclusively on the statutory right to speedy trial as contained in section 18–1–405,

8B C.R.S. (1986). We therefore do not address the constitutional right to a speedy trial. *See* U.S. Const. amend. VI; Colo. Const. art. II, § 16.

5. The provisions of Crim.P. 48(b) are substantially similar to the speedy trial statute, § 18–1–405, 8B C.R.S. (1986). We have elected to base our resolution of this case on the statute.

670 P.2d 792 (Colo.1983). The statute prevents "dillydallying on the part of the district attorney or the court," *People v. Bates,* 155 Colo. 277, 280–81, 394 P.2d 134, 136 (1964), and the "period of any delay caused at the instance of the defendant" is excluded when computing the six-month period, § 18–1–405(6)(f), 8B C.R.S. (1986). *See also People v. Luevano,* 670 P.2d 1 (Colo.1983) (time granted to a defendant to make restitution to qualify for deferred judgment is chargeable to the defendant); *cf. People v. Fetty,* 650 P.2d 541 (Colo.1982) (scheduling delays to accommodate defense counsel are attributable to defendant). When determining whether a defendant has been afforded a speedy trial, each case must be considered on an *ad hoc* basis. *People v. Colantonio,* 196 Colo. 242, 244, 583 P.2d 919, 921 (1978). Any lapse of time must be reviewed to determine "what part, if any, was due to delays at the request of or for the benefit of the defendant. The time involved in such delays is properly chargeable to the defendant." *People v. Murphy,* 183 Colo. 106, 109, 515 P.2d 107, 109 (1973). *See also People v. Luevano,* 670 P.2d at 3; *Saiz v. District Court,* 189 Colo. 555, 558, 542 P.2d 1293, 1295 (1975). Based upon the facts in this case, the delay incurred in briefing and determining the defendant's motion to dismiss for nonjoinder was properly charged to the defendant, section 18–1–405(6)(f), 8B C.R.S. (1986).

The defendant's motion to dismiss alleged a defect in the institution of the prosecution and was governed by the provisions of Crim.P. 12. A rule 12 "motion before trial raising defenses or objections shall be determined before the trial unless the court orders that it be deferred for determination at the trial...." Crim.P. 12(b)(4). Ordinarily, motions to dismiss under rule 12 should be in writing. *See* Crim.P. 47; 3A C. Wright, *Federal Practice & Procedure* § 801, at 191 (1982) (interpreting Fed.R.Crim.P. 47, identical to Colorado rule). Crim.P. 45(d) requires written motions to be served at least five days before the date specified for the hearing. The purpose of the rules requiring written motions, service, and notice is to allow the parties and the court an adequate time for consideration of the issues raised in the motion. *See People v. District Court,* 189 Colo. 159, 538 P.2d 887 (1975).

■ Here, the defendant made an oral motion to dismiss on the morning of trial. Counsel provided no authority to the trial judge, despite the fact that the defendant had been acquitted of the traffic infraction two months before. The delay incident to the resolution of the defendant's motion to dismiss was "at the instance of the defendant," section 18–1–405(6)(f), 8B C.R.S. (1986). Accordingly, the period of time between the date of defendant's oral motion, February 9, 1984, and the date the trial judge denied the motion, April 12, 1984, was chargeable to the defendant and properly excluded from the speedy trial time period.[6]

The defendant relies on *People v. Colantonio,* 196 Colo. 242, 583 P.2d 919 (1978), and *People v. Murphy,* 183 Colo. 106, 515 P.2d 107 (1973), and asserts that delay caused by a defense motion is, as a matter of law, chargeable to the court or prosecution and is not excluded from the speedy trial period. The cases cannot be read so broadly. In *Colantonio,* we declined to charge the defendant with the delay caused by the trial court's failure to specify a new

6. We conclude that the extension of time requested by the prosecutor to submit his brief is chargeable to the defendant and was properly excluded from the speedy trial time period. *Cf. People v. Martin,* 732 P.2d 1210, 1213 (Colo. 1987) (exclusion due to defendant's voluntary absence "applies to all the delay 'resulting from' the absence, including a reasonable time to reschedule and prepare the case for trial"); *People v. Sanchez,* 649 P.2d 1049, 1051 (Colo.1982) ("exclusion provision applicable to the defendant's voluntary absence ... applies to the entire period of delay that may be fairly attributable to such absence"); *People v. Jamerson,* 198 Colo. 92, 95–96, 596 P.2d 764, 767 (1979) (period of time necessary for prosecution to pursue appeal after trial court dismissed charges upon defendant's motion excluded from speedy trial period pursuant to section 18–1–405(6)(f)). For the same reason, the elapsed time between the date the prosecutor filed his brief, March 27, 1984, and the date the county court judge denied the motion, April 12, 1984, also was properly excluded in the computation of the speedy trial time period pursuant to section 18–1–405(6)(f), 8B C.R.S. (1986).

venue. 196 Colo. at 244, 583 P.2d at 921. In *Murphy,* we concluded that the delay in the disposition of the defendant's motion to suppress was "clearly attributable to the prosecution." 183 Colo. at 109, 515 P.2d at 108. In this case, the delay required to review the last minute defense motion to dismiss is chargeable to the defense.

The county court and district court judges both found that the period of delay between the denial of defendant's motion to dismiss and the rescheduled trial date of May 22 was reasonable, and we will not disturb that finding. *Cf. People v. Martin,* 732 P.2d 1210, 1213 (Colo.1987) (reasonable period in which to reschedule trial should be excluded pursuant to section 18–1–405(6)(d), 8B C.R.S. (1986), when original trial date delayed due to voluntary unavailability of defendant).

Eight days remained in the speedy trial period when the original trial date was vacated. We have attributed the lapse of time from February 9 to May 22, 1984, to the defendant. The defendant was tried and convicted on May 30, 1984. Thus, even if we assume that the final eight days of delay are attributable to the court and prosecution, the defendant was tried within the six-month period established by section 18–1–405(1), 8B C.R.S. (1986). The defendant's statutory right to speedy trial was not abridged.

### III.

### COMPULSORY JOINDER

■ The defendant contends that, because the traffic infraction and DUI charges arose from the same transaction, the DUI charges should have been dismissed pursuant to section 18–1–408(2), 8B C.R.S. (1986). We do not agree.

The compulsory joinder statute provides:

If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same acts or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution.

§ 18–1–408(2), 8B C.R.S. (1986); *see also* Crim.P. 8(a).

■ In *Jeffrey v. District Court,* 626 P.2d 631 (Colo.1981), we held the following five elements must be satisfied in order for the statutory bar to apply to a subsequent prosecution: (1) the several offenses must have been committed within the same judicial district; (2) there must be a prosecution against the offender; (3) the district attorney or a member of his staff must have knowledge of the several offenses at the commencement of the prosecution; (4) the several offenses must arise from the same criminal episode; and (5) the offender previously must have been subjected to a single prosecution. *Id.* at 637. *See also People v. Taylor,* 732 P.2d 1172, 1176 (Colo.1987); *Corr v. District Court,* 661 P.2d 668, 671 (Colo.1983). The statute does not bar a subsequent prosecution where the district attorney has no knowledge of and does not participate in the decision to prosecute the different offenses. *People v. Talarico,* 192 Colo. 445, 446, 560 P.2d 90, 91 (1977).

In 1982, the legislature undertook an extensive revision of Colorado motor vehicle and traffic laws. Ch. 173, sec. 10, § 42–4–1501, 1982 Colo.Sess.Laws 656. Many traffic offenses have been reclassified as civil matters. § 42–4–1501(1)(a), 17 C.R.S. (1984). Disobeying a traffic control device is a class A traffic infraction, and is civil in nature. § 42–4–504(5), 17 C.R.S. (1984). The obvious purpose of the legislative amendments is to keep certain minor traffic infractions separate from the general criminal law and expedite their disposition. *See* ABA Standards for Traffic Justice § 2.6 commentary (1975) (the separation of traffic cases from other court business "reduces waiting time ... and facilitates case processing").

Special provision is made for cases where crimes and traffic infractions are charged by the same document:

[W]henever a crime and a class A or class B traffic infraction ... *are charged in the same summons and complaint,* all charges shall be made returnable before a judge or referee having jurisdiction over the crime *and the rules of criminal procedure shall apply.* Nothing in this part 15 [of Title 42, article 4, C.R.S.] or in part 5 of article 6 of title 13, C.R.S., shall be construed to prevent a court having jurisdiction over a criminal charge relating to traffic law violations from lawfully entering a judgment on a case dealing with a class A or class B traffic infraction.

§ 42–4–1505.3(1), 17 C.R.S. (1984) (emphasis added).

■ The statute requires traffic infractions and criminal offenses to be made returnable to a court having jurisdiction over the criminal offense when all charges are contained in the same summons and complaint. The provision clearly contemplates separate trials and hearings where separate complaints are filed. When a summons and complaint charging a traffic infraction are made returnable to a referee, the district attorney is precluded from participating in the proceeding. § 42–4–1505.-3(3), 17 C.R.S. (1984). Since the district attorney does not participate in the decision to "prosecute" the traffic infraction, the compulsory joinder statute does not apply. *See People v. Talarico,* 192 Colo. 445, 446, 560 P.2d 90, 91 (1977) (defendant's plea of guilty to violation of municipal ordinance did not bar district attorney from prosecuting a violation of state criminal statutes). The trial court therefore properly denied the defendant's motion to dismiss for failure to comply with section 18–1–408(2), 8B C.R.S. (1986).

## IV.

### COLLATERAL ESTOPPEL

The defendant argues that it was improper to permit witnesses to testify that he ran the red light before the collision with Zemko's automobile. The basis for defendant's argument is that because he was acquitted of the traffic infraction before the DUI

trial commenced, collateral estoppel barred the introduction of the testimony.

■ Collateral estoppel bars relitigation between the same parties of issues actually determined at a previous trial. *People ex rel. Gallagher v. District Court,* 666 P.2d 550, 554 (Colo.1983); *People v. Hearty,* 644 P.2d 302, 312 (Colo.1982). Four elements are required for issue preclusion: (1) the issue sought to be precluded must be identical to an issue actually and necessarily decided at a prior proceeding; (2) there must have been a final judgment on the merits at the first proceeding; (3) there must be identity of parties or privity between the parties against whom the doctrine is asserted; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Industrial Commission v. Moffat County School District Re No. 1,* 732 P.2d 616, 619–20 (Colo.1987); *Salida School District R–32–J v. Morrison,* 732 P.2d 1160, 1163 (Colo.1987). *See also People ex rel. Gallagher v. District Court,* 666 P.2d at 554; *People v. Hearty,* 644 P.2d at 312; *Pomeroy v. Waitkus,* 183 Colo. 344, 350–51, 517 P.2d 396, 399 (1973).

Section 28 of the Restatement (Second) of Judgments (1980) sets forth the exceptions to the general rule of collateral estoppel or issue preclusion. Section 28(3) provides that relitigation of an issue is not precluded when a "new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts...." Comment d to section 28 states that, where "the procedures available in the first court ... have been tailored to the prompt, inexpensive determination of small claims," a compelling reason may exist not to apply collateral estoppel. The simple procedure of the first forum "may be wholly inappropriate to the determination of the same issues when presented in the context of a much larger claim." *See also Salida School District,* 732 P.2d at 1165.

■ The procedures used to adjudicate traffic infractions are informal. A referee is appointed pursuant to the Referee Adju-

dication System Act, sections 13–6–501 to –504, 6 C.R.S. (1986 Supp.), and need not be a lawyer, section 13–6–501(3), 6 C.R.S. (1986 Supp.). The subject matter jurisdiction of the referee is limited to the adjudication of traffic infractions and class 2 traffic offenses. § 13–6–501(4)(a), 6 C.R.S. (1986 Supp.). The referee acts as both fact finder and "prosecutor." § 42–4–1505.3(3), 17 C.R.S. (1984). The Colorado Rules for Traffic Infractions (C.R.T.I.), promulgated by this court pursuant section 13–6–501(9), 6 C.R.S. (1986 Supp.), expressly declare traffic infraction hearings to be informal. C.R.T.I. 1, 11.[7] The salutary purposes of informal traffic infraction hearings would be frustrated if collateral estoppel were to be applied so as to limit a full and fair consideration of the issue in a criminal trial. *Cf. Salida School District*, 732 P.2d at 1165 (an unemployment compensation hearing is designed for the prompt adjudication of a narrow issue of law and to provide a limited remedy to unemployed workers; purposes of unemployment hearings would be frustrated if collateral estoppel were applied to bind the parties in a subsequent civil rights action pursuant to 42 U.S.C. § 1983 (1982)). We conclude that the prosecution was not collaterally estopped from introducing evidence that the defendant disobeyed the traffic signal, despite the defendant's previous acquittal of that charge.

## V.

### EXCLUSION OF EVIDENCE

Defendant's final contention is that the trial court erred in prohibiting testimony or other evidence of defendant's acquittal of the traffic infraction. The trial court excluded evidence of the traffic infraction acquittal on the basis of CRE 403, and found that the probative value of the evidence would be substantially outweighed by the possibility of misleading the jury and confusing the issues.

7. Other indications of the intended informality of traffic infraction hearings are apparent from the Rules for Traffic Infractions and the Rules for Referees. Discovery is not available, C.R.T.I. 8(a), and posthearing motions are not permitted, C.R.T.I. 13. The overriding purpose of

CRE 403 in pertinent part provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury." Questions of the probative value and possible prejudicial impact of evidence are addressed to the sound discretion of the trial court, and the trial judge's rulings will not be disturbed absent a clear abuse of discretion. *See, e.g., People v. Schwartz*, 678 P.2d 1000 (Colo.1984). In determining the admissibility of evidence under CRE 403, a trial court "must consider the probative value of the proposed evidence . . . in light of the nature of the case, the nature of the offered evidence, and the other evidence admitted during the trial." *People v. Rubanowitz*, 688 P.2d 231, 245 (Colo.1984).

The probative value of the offered evidence was slight. The defendant's acquittal of disobeying a traffic signal did not disprove any element of the DUI offenses. *See* § 42–4–1202(1)(a), (1.5), 17 C.R.S. (1984). The defendant offered the evidence only for impeachment purposes, and the trial judge was justifiably concerned about the introduction of collateral issues into the trial. While the witnesses testified that the defendant ran the red light, the prosecution's case was based in large part on the results of the breath test and the roadside sobriety test. In our view, the trial judge did not abuse his discretion in excluding evidence of the defendant's acquittal of the red light infraction at the DUI trial.

Judgment affirmed.

the rules is "to dispense justice economically and promptly," C.R.T.I. 11(a), and a referee may conduct proceedings involving traffic infractions without the consent of the parties, C.R.R. 6(c)(2); see also §§ 13–6–501(5), 13–6–502, 6 C.R.S. (1986 Supp.).