The PEOPLE of the State of
Colorado, Petitioner,

v.

Austin J. WRIGHT, Respondent.

No. 85SC275.

Supreme Court of Colorado,
En Banc.

Sept. 8, 1987.

Nolan L. Brown, Dist. Atty., E. Ronald Beeks, Deputy Dist. Atty., Golden, for petitioner.

David F. Vela, State Public Defender, Victoria J. Koury, John S. Portman, Deputy State Public Defenders, Golden, for respondent.

Charles H. Richardson, Claybourne M. Douglas, Aurora, for amicus curiae City of Aurora, Colo.

QUINN, Chief Justice.

We granted the People's petition for certiorari to review a judgment of the District Court of Jefferson County, which affirmed a county court dismissal of state misdemeanor and misdemeanor traffic offense charges on the grounds that the compulsory joinder bar of section 18–1–408(2), 8B C.R.S. (1986), precluded prosecution of the state offenses which were different from but arose out of the same criminal episode as a municipal ordinance violation to which the defendant had previously pled guilty in municipal court. We reverse the judgment of dismissal and remand the case to the district court with directions to return the case to the county court for further proceedings.

I.

On November 22, 1984, Austin J. Wright (defendant) was involved in an automobile accident at the corner of 88th Avenue and Sheridan Boulevard in the City of Westminster in Jefferson County, Colorado. As a result of the accident, a Westminster police officer issued a summons and complaint charging the defendant with violating the Westminster Municipal Code by failing to yield to oncoming traffic while turning left,[1] and ordering him to appear in the

---

1. By ordinance, the City of Westminster adopted the 1977 version of the *Model Traffic Code for Colorado Municipalities.* Westminster City Code § 10–1–1 (1979). *See* § 42–4–108(1)(b), 17 C.R.S. (1984) (authorizing local authorities to adopt by reference all or any part of a model traffic code which embodies rules of the road). Section 1–2 of the *Model Traffic Code* (1977) provides as follows:

Unless there is an official traffic control arrow signal regulating the left turn, the driver of a vehicle intending to turn to the left within any intersection ... shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close thereto as to constitute an immediate hazard.
Violation of the Westminster ordinance is punishable by a fine not exceeding $300, by imprisonment not exceeding 90 days, or by such fine

Westminster Municipal Court to answer this charge. By separate summons and complaint, the defendant was charged with the state misdemeanor of driving under suspension in violation of section 42–2–130, 17 C.R.S. (1984 & 1986 Supp.),[2] and the state misdemeanor traffic offense of driving without compulsory insurance in violation of section 42–4–1213, 17 C.R.S. (1984),[3] and was ordered to appear in Jefferson County Court to answer these charges. On December 18, 1984, the defendant pled guilty to the municipal ordinance violation and on February 7, 1985, was sentenced to thirty days in jail under a work release program, of which twenty days were suspended, and was ordered to pay restitution.

In the Jefferson County Court prosecution, the defendant entered a not guilty plea to the state charges on January 11, 1985, and the case was set for trial on March 11, 1985. Prior to trial the defendant moved to dismiss the charges, claiming that the prosecution was barred by the compulsory joinder provisions of section 18–1–408(2), 8B C.R.S. (1986). After noting that the police report contained references to both the municipal ordinance violation and the state offenses, the county court ruled that, because knowledge of the dual prosecutions could be imputed to the district attorney, the county court prosecution was barred by section 18–1–408(2). The

People appealed to the district court, which affirmed the judgment of dismissal. We granted the People's petition for certiorari to consider whether the compulsory joinder bar of section 18–1–408(2) is applicable where, as here, the defendant is initially prosecuted in a municipal court for a municipal ordinance violation and then in a county court for state misdemeanor and misdemeanor traffic offense charges based on conduct different from the municipal ordinance violation but arising out of the same criminal episode as the ordinance violation.

II.

Section 18–1–408(2) states as follows:

If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution.[4]

We acknowledge that the purpose of this statutory provision is to protect an accused against the oppressive effect of sequential

---

and imprisonment. Westminster City Code § 10–1–3 (1979).

2. Pursuant to subsection 42–2–130(1)(a), 18 C.R.S. (1984), driving while one's license is suspended for any reason other than conviction of an alcohol-related driving offense is a misdemeanor punishable by imprisonment of not less than five days nor more than six months and, in the discretion of the court, a fine of not less than $50 nor more than $500. Under subsection 42–2–130(1)(f), 17 C.R.S. (1986 Supp.), if the suspension is based on a conviction for an alcohol-related driving offense, the punishment is not less than 30 days nor more than one year and in the discretion of the court a fine of not less than $500 nor more than $1,000.

3. Section 42–4–1213, 17 C.R.S. (1984 & 1986 Supp.), states that a person who operates a motor vehicle without a complying policy or certificate of insurance in full force and effect as required by section 10–4–705, 4 C.R.S. (1973 & 1986 Supp.), and by section 10–4–716, 4 C.R.S.

(1973), commits a class 1 misdemeanor traffic offense. A class 1 misdemeanor traffic offense is punishable by imprisonment of not less than 10 days nor more than one year, by a fine of not less than $100 nor more than $1,000, or both. § 42–4–1501(2)(a)(II), 17 C.R.S. (1984 & 1986 Supp.).

4. Rule of Criminal Procedure 8(a) is essentially identical to the statutory provision. In construing section 18–1–408(2) in *Jeffrey v. District Court*, 626 P.2d 631 (Colo.1981), we stated:

The statute can be broken down into the following elements, all of which must be satisfied in order for the bar to apply to a subsequent prosecution: (1) several offenses committed within the same judicial district; (2) a prosecution against the offender; (3) prosecutorial knowledge of the several offenses at the commencement of the prosecution; (4) the several offenses arising from the same criminal episode; and (5) the offender previously having been subjected to a single prosecution. *Id.* at 637.

prosecutions based on conduct arising during the same criminal episode by requiring that all charges be joined in a single prosecution or be barred whenever the conditions for mandatory joinder have been fulfilled. *E.g., Jeffrey v. District Court,* 626 P.2d 631, 636 (Colo.1981); *accord Corr v. District Court,* 661 P.2d 668 (Colo.1983). We are satisfied, however, that the statutory bar was not intended to prohibit a prosecution in a county court for state offenses under circumstances where the accused was initially subjected to a completed prosecution in a municipal court for a municipal ordinance and is then prosecuted in a county court for state offenses based on conduct different from the ordinance violation, even though both the state charges and the ordinance violation arose out of the same criminal episode.

### A.

Several factors support our construction of section 18–1–408(2) as not applicable to successive prosecutions for an ordinance violation in a municipal court and for state offenses in a county court based on conduct different from the conduct underlying the ordinance violation. First, we take guidance from the long-standing rule of statutory construction which requires statutory terms to be given their plain and obvious meaning. *E.g., People v. District Court,* 713 P.2d 918 (Colo.1986); *People v. Owens,* 670 P.2d 1233 (Colo.1983); *McMillin v. State,* 158 Colo. 183, 405 P.2d 672 (1965); *City and County of Denver v.*

*Hobbs' Estate,* 58 Colo. 220, 144 P. 874 (1914). The compulsory joinder bar of section 18–1–408(2) is an integral part of the Colorado Criminal Code, which by its express terms governs "the construction of and punishment for any offense defined in any statute of this state, whether in this title [18] or elsewhere, and which is committed on or after July 1, 1972, as well as the construction and application of any defense to a prosecution for such an offense." § 18–1–103(1), 8B C.R.S. (1986). The term "offense" is defined in section 18–1–104(1), 8B C.R.S. (1986), as meaning "a violation of, or conduct defined by, any *state statute* for which a fine or imprisonment may be imposed." (Emphasis added). The reference in section 18–1–408(2) to "offenses," coupled with the definition of that term in section 18–1–104(1), clearly indicates that the General Assembly did not intend to extend the compulsory joinder bar to municipal ordinance violations.[5]

Second, we look to prior case law construing section 18–1–408(2). In *People v. Pinyan,* 190 Colo. 304, 546 P.2d 488 (1976), this court dealt with the applicability of the compulsory joinder bar to successive prosecutions in municipal and state courts for different offenses arising out of the same criminal episode. The defendant in that case was charged with an illegal left turn in violation of the City of Englewood's traffic code and was also served with a separate summons and complaint for the state misdemeanor offense of driving without a

---

5. When the General Assembly intended to include a municipal ordinance prosecution within the terms of a statutory bar or defense to a criminal prosecution, it made that intent quite clear. For example, section 18–1–303(1), 8A C.R.S. (1986), which is intended to codify the federal and state constitutional prohibitions against placing an accused in jeopardy twice for the same offense, U.S. Const. amend. V; Colo. Const. art. II, § 18, provides as follows:

(1) If conduct constitutes an offense within the *concurrent jurisdiction* of this state and of the United States, or another state, or *of a municipality,* a prosecution in any other of these jurisdictions is a bar to a subsequent prosecution in this state under either of the following circumstances:

(a) The first prosecution resulted in a conviction or an acquittal as defined in section 18–1–301(1)(a) and (1)(c), and the subsequent prosecution is based on the same conduct, unless:

(I) The offense for which the defendant was formerly convicted or acquitted requires proof of a fact not required by the offense for which he is subsequently prosecuted and the law defining each of the offenses is intended to prevent a substantially different harm or evil; or

(II) The second offense was not consummated when the former trial began.

(b) The former prosecution was terminated by an acquittal or by a final order or judgment for the defendant that has not been set aside, reversed, or vacated and that necessarily required a determination inconsistent with a fact that must be established for conviction of the offense for which the defendant is subsequently prosecuted. (Emphasis added).

valid license. The defendant mailed a fine in payment of the municipal ordinance violation, and later filed a motion to dismiss the county court misdemeanor offense on the basis of the compulsory joinder bar of section 18–1–408(2). The county court granted the motion, and the order of dismissal was affirmed by the district court. In reversing the judgment of the district court, this court stated:

> It is clear ... that these are two separate and distinct offenses which violate the laws of two different jurisdictions—one, the municipality, the other, the state. Each offense must be prosecuted in the jurisdiction where the respective criminal acts occurred. Neither offense could be tried in the court of the other jurisdiction.

> These two violations, even if "known to the district attorney at the time of commencing the prosecution," are not within the class of offenses which must or can be prosecuted by separate counts in a single prosecution.

190 Colo. at 307, 546 P.2d at 490–91 (citations omitted); *accord People v. Talarico,* 192 Colo. 445, 560 P.2d 90 (1977).

Finally, we consider pertinent constitutional and statutory provisions relating to the prosecution of state criminal offenses and municipal ordinance violations. A county court is a state constitutional court with limited criminal jurisdiction as may be provided by law. Colo. Const. art. VI, § 17. By statute, county courts have jurisdiction in "[c]riminal actions for the violation of state laws which constitute misdemeanors or petty offenses," except actions involving children over which juvenile courts have exclusive jurisdiction. § 13–6–106(1)(a), 6 C.R.S. (1986 Supp.). The office of district attorney is also created by the Colorado Constitution. Colo. Const. art. VI, § 13. A district attorney is a member of the executive branch of government, *e.g., Beacom v. Board of County Comm'rs,* 657 P.2d 440 (Colo.1983); *People v. Losavio,* 199 Colo. 212, 606 P.2d 856 (1980); *People v. District Court,* 186 Colo. 335, 527 P.2d 50 (1974), and is vested with authority to initiate criminal prosecutions for crimes (*i.e.,* violations of state criminal law) committed within the geographical boundaries of the judicial district served by the district attorney. *See People v. Taylor,* 732 P.2d 1172, 1177–78 (Colo.1987).

While a district attorney is constitutionally authorized to initiate a criminal prosecution in a state court for a violation of a state statute, article VI, section 1 of the Colorado Constitution expressly reserves to home rule cities and towns the power "to create municipal and police courts." Statutory cities and towns have also been granted the authority to establish municipal courts. § 13–10–104, 6 C.R.S. (1973). The jurisdiction of municipal courts is limited to municipal ordinance violations. *Id.* Municipal prosecutions are generally initiated by the city attorney or, if a city attorney is not available, by the complaining witness. *See* § 31–4–208, 12B C.R.S. (1986); C.M.C.R. 206(a)(5) (Colorado Municipal Court Rules of Procedure). In cases involving municipal ordinance violations, therefore, the decision to prosecute lies with the city attorney or the complaining witness, and not with the district attorney. *See Williamsen v. People,* 735 P.2d 176 (Colo.1987) (compulsory joinder bar inapplicable where initial prosecution was before a referee for the traffic infraction and later prosecution was in county court for driving under the influence which arose out of same episode as traffic infraction, since district attorney was precluded by statute from participating in traffic infraction proceeding). Extending the compulsory joinder bar of section 18–1–408(2) to municipal ordinance violations would lead to the absurd result of prohibiting a district attorney from prosecuting an offender for a state offense solely on the basis of a municipal prosecutorial decision which was totally beyond the control and responsibility of the district attorney.

In light of the language of section 18–1–408(2), our prior case law construing this statute, and the constitutional and statutory schemes relating to the prosecution of state offenses and municipal ordinance violations, we are satisfied that a completed prosecution in a municipal court for a municipal ordinance violation does not trigger

the compulsory joinder bar of section 18–1–408(2) so as to prohibit the prosecution in a state court for state offenses based on conduct different from the conduct on which the completed municipal prosecution was based but nonetheless arising out of the same criminal episode as the municipal ordinance violation.

### B.

In urging a contrary construction of section 18–1–408(2), the defendant argues that, notwithstanding the district attorney's inability to prosecute a municipal ordinance violation, the compulsory joinder bar should apply when the district attorney could have prosecuted the defendant for conduct proscribed by the ordinance under a counterpart state statute, and that in this case the district attorney could have prosecuted the defendant in the county court for failing to yield to oncoming traffic in violation of section 42–4–602, 17 C.R.S. (1984).[6] We find this argument devoid of merit.

As a matter of constitutional law, a person cannot be twice placed in jeopardy in municipal and state courts for the same offense. *See Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970);

*People v. Horvat*, 186 Colo. 202, 527 P.2d 47 (1974). The determination of whether offenses are sufficiently distinguishable to permit successive prosecutions turns on whether each offense requires proof of a fact which the other does not. *E.g., Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *People v. Williams*, 651 P.2d 899 (Colo.1982); *People v. Hancock*, 186 Colo. 30, 525 P.2d 435 (1974); *People v. Bugarin*, 181 Colo. 62, 507 P.2d 875 (1973). While many municipal traffic ordinances duplicate state traffic laws,[7] *see generally, Model Traffic Code for Colorado Municipalities* (1977), every state traffic offense does not have a counterpart in municipal traffic codes, since certain offenses are matters for state legislation only.[8] Given the fact that a municipal court does not have jurisdiction over all traffic offenses, a driver in a single incident may violate a municipal ordinance which is the counterpart of a state law and at the same time violate a state statute which has no counterpart in the municipal traffic code. As long as the criminal episode gives rise to separate offenses, each of which requires proof of a

6. Section 42–4–601, 17 C.R.S. (1984) states that "[w]hen two vehicles approach or enter an intersection from different highways at approximately the same time, the driver on the left shall yield the right-of-way to the vehicle on the right." Violation of this section is a class A traffic infraction, which is punishable by a fine of not less than $5 nor more than $100. § 42–4–1501(2)(a)(I), 17 C.R.S. (1984).

7. In Colorado, the legislature has expressly stated that, as a matter of policy, traffic laws and enforcement throughout the state should be uniform. Section 42–4–102, 8B C.R.S. (1986) provides:

**Legislative declaration.** The general assembly recognizes the many conflicts which presently exist between the state's traffic laws and many of the municipal traffic codes, which conflicts lead to uncertainty in the movement of traffic on the state's highways and streets. These conflicts are compounded by the fact that today's Americans are extremely mobile and that while this state enjoys a large influx of traffic from many areas, there is some lack of uniformity existing between the "rules of the road" of this state and those of other states of the nation. The general assembly, therefore, declares it the purpose

of this article to alleviate these conflicts and lack of uniformity by conforming, as nearly as possible, certain of the traffic laws of this state with the recommendations of the national committee of uniform traffic laws and ordinances as set forth in the committee's "Uniform Vehicle Code."

8. Section 42–4–108(1), 17 C.R.S. (1984), states in pertinent part:

(d) In no event shall local authorities have the power to enact by ordinance regulations governing the driving of vehicles by persons under the influence of intoxicating liquor or a controlled substance, as defined in section 12–22–303(7), C.R.S., or whose ability to operate a vehicle is impaired by the consumption of alcohol, the registration of vehicles and the licensing of drivers, the duties and obligations of persons involved in traffic accidents, and vehicle equipment requirements in conflict with the provisions of this article; but said local authorities within their respective jurisdictions shall enforce the state laws pertaining to these subjects, and in every charge of violation the complaint shall specify the section of state law under which the charge is made and the state court having jurisdiction.

fact which the other does not, neither the constitutional prohibiton against double jeopardy nor the compulsory joinder bar of section 18–1–408(2) prohibits a prosecution in a municipal court for an ordinance violation and a later prosecution in a state court for separate state offenses arising out of the same criminal episode, even though the municipal ordinance violation has a counterpart in state statutory law which could have been, but was not made, the basis of a charge in the state prosecution.

### III.

We turn then to the judgment of dismissal entered by the county court and affirmed by the district court.  In approving the dismissal, the county and district courts reasoned that the compulsory joinder bar of section 18–1–408(2) applied to successive municipal and state prosecutions for charges arising out of the same criminal episode as long as the district attorney had actual or constructive knowledge of both violations before jeopardy attached to the first completed prosecution.  Such reasoning was erroneous.

Because the compulsory joinder bar has no application when the initial prosecution is in a municipal court for a municipal ordinance violation and the later prosecution is in a state court for state offenses arising out of the same criminal episode as the ordinance violation, it is unnecessary for us to analyze all the statutory components of section 18–1–408(2).  Rather, we resolve this case by simply noting that the defendant's former prosecution for violating the Westminster ordinance by making an illegal left turn, although part of the same criminal episode as the state offenses of driving under suspension and driving without compulsory insurance, was not within the scope of the compulsory joinder bar of section 18–1–408(2).  Hence, the fact that the district attorney might have had actual or imputed knowledge of the earlier municipal prosecution was not a relevant consideration to the applicability of the compulsory joinder bar to the county court prosecution for the state offense.  The district attorney, therefore, was not prohibited from initiating a prosecution against the defendant for state offenses that involved conduct different from the municipal ordinance violation, even though the state offenses arose out of the same criminal episode as the municipal ordinance violation and the district attorney had actual or constructive knowledge of all offenses.

The judgment of dismissal is accordingly reversed and the case is remanded to the district court to return the case to the county court for further proceedings.