The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Ralph S. ALLEN, III, Defendant–
Appellant.

Nos. 90CA1007, 90CA1263.

Colorado Court of Appeals,
Div. IV.

Nov. 7, 1996.

As Modified on Denial of Rehearing
Dec. 27, 1996.

Certiorari Denied Sept. 22, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, M. Catherine Duba, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Karen N. Taylor, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

Defendant, Ralph J. Allen, appeals from the judgment of conviction entered on a jury verdict finding him guilty of criminal trespass and misdemeanor menacing and from the denial of his motion brought pursuant to Crim. P. 35(c). We affirm.

These appeals were held in abeyance pending review by the supreme court of *People v. Allen*, 843 P.2d 97 (Colo.App.1992) (*Allen II* ), in which a division of this court determined that the charges against defendant were barred by the Double Jeopardy clauses of the United States and Colorado constitutions. The supreme court reversed *Allen II*, held that the convictions were not barred under constitutional double jeopardy principles, and reinstated defendant's convictions. *People v. Allen*, 868 P.2d 379 (Colo.1994) *cert. denied*, 513 U.S. 842, 115 S.Ct. 129, 130 L.Ed.2d 73 (1994) (*Allen III* ). These appeals then were recertified to this court.

The relevant facts are set forth in *People v. Allen*, 787 P.2d 174 (Colo.App.1989) (*Allen I* ), *Allen II*, and *Allen III*. In essence, after a history of domestic abuse, defendant's wife obtained a county court restraining order pursuant to § 14–4–101, et seq., C.R.S. (1987 Repl.Vol. 6B), as then in effect, prohibiting defendant from going to her home or otherwise contacting her in any manner absent court permission. Subsequently, defendant went to his wife's residence, broke in, and threatened to kill her. Based on this incident, he was charged with second degree burglary, criminal mischief, menacing, and, later, criminal trespass. While these charges were pending, defendant's wife filed a motion for contempt of court pursuant to C.R.C.P. 407, as then in effect, for violation of the restraining order. After a hearing on the motion, defendant was found in contempt of court and sentenced to six months in jail. The primary arguments in this appeal again relate to the effect, if any, of the juxtaposition of these events.

I.

■ Defendant contends that the trial court erred when it refused to dismiss the criminal trespass and misdemeanor menacing charges pursuant to the compulsory joinder provisions of § 18–1–408(2), C.R.S. (1986 Repl.Vol. 8B). We disagree.

Section 18–1–408(2) contains five elements which must be satisfied before a subsequent prosecution is barred: (1) the offenses must have been committed in the same judicial district; (2) there must be a prosecution against the offender; (3) the prosecutor must have had knowledge of the several offenses at the commencement of the prosecution; (4) the offenses must have arisen out of the same criminal episode; and (5) the offender must have been previously subjected to a single prosecution. *Zipse v. County Court*, 917 P.2d 331 (Colo.App.1996).

■ There is no dispute here that the contempt of court proceedings and the criminal trespass and misdemeanor menacing charges arose from the same criminal episode. However, "where there was no knowledge or participation by the district attorney in the decision to prosecute different offenses, [the] statute does not apply." *People v. Talarico*, 192 Colo. 445, 446, 560 P.2d 90, 91 (1977).

Here, the restraining order was requested by and entered for the benefit of defendant's wife, who was represented by privately retained counsel. Similarly, the motion for an order of contempt of court under C.R.C.P. 407 for violation of the restraining order was filed by wife's counsel.

Wife's authority, as a private party, to seek contempt sanctions for violation of the restraining order was independent of that of the district attorney to file criminal charges. *See Allen II*, *supra*, 843 P.2d at 101 (Metzger, J., dissenting on other grounds) ("[The] state had no power to prevent the defendant's ex-wife from proceeding against him for contempt in the civil case, and had absolutely no authority to and did not participate in the contempt proceedings.").

In fact, C.R.C.P. 407, as then in effect, made no provision for the participation of the

district attorney, or any other prosecutor, in a contempt proceeding initiated by a private party for violation of a restraining order or otherwise. *Compare* C.R.C.P. 407, as then in effect, *with* C.R.C.P. 407 (as amended in 1995) ("In an indirect contempt proceeding where punitive sanctions may be imposed, the court may appoint special counsel to prosecute the contempt action.").

Moreover, in 1988, a violation of a restraining order was not, as it is now, itself a separate, substantive offense. *See* § 18–6–803.5(1), C.R.S. (1996 Cum.Supp.); *see also* § 18–6–803.5(7), C.R.S. (1996 Cum.Supp.) (option of victim to request prosecuting attorney to initiate contempt proceedings if restraining order is issued in a criminal action).

■ Defendant's assertion to the contrary notwithstanding, when separate criminal proceedings are initiated by separate "prosecutorial" authorities, a component of the statutory requirement of prosecutorial knowledge is the requirement of prosecutorial participation in the decisions to prosecute. *See Williamsen v. People,* 735 P.2d 176 (Colo. 1987) (participation by a district attorney in the decision to initiate a criminal prosecution is a significant factor in determining whether the prosecutorial knowledge requirement of § 18–1–408(2) is established); *People v. Talarico, supra; People v. Pinyan,* 190 Colo. 304, 546 P.2d 488 (1976).

Thus, even if we were to assume that the district attorney was aware that defendant's wife was seeking a contempt order against defendant, since the district attorney neither participated in the wife's decision to seek sanctions against defendant under C.R.C.P. 407 nor in the contempt proceeding itself, he cannot be barred from the later prosecution of violations of state criminal statutes. *See People v. McCormick,* 859 P.2d 846 (Colo. 1993); *Williamsen v. People, supra.*

Moreover, the district attorney did not have sufficient opportunity to join the criminal prosecution with the contempt hearing.

■ For a subsequently charged offense to be properly barred, the offense must have been ready for prosecution at the time jeopardy attached in the contempt proceedings.

*See People v. McCormick, supra.* Here, defendant was arrested on January 2, 1988, and initially was charged by the district attorney on January 6. The contempt motion was filed by defendant's wife on January 4 and heard and decided on January 11.

## II.

■ Defendant asserts that, under the merger doctrine, as set forth in § 18–1–408(1)(a), C.R.S. (1986 Repl.Vol. 8B) (a defendant cannot be convicted of more than one offense if one offense is included in the other), criminal trespass "completely and necessarily subsumed the elements of [contempt]" and, therefore, is barred. We disagree.

In *Allen III,* relying on *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the supreme court rejected defendant's argument that, since he had already been punished in the contempt proceeding for conduct underlying the trespass charge, a subsequent prosecution for the latter was barred under constitutional double jeopardy principles protecting an accused against being twice placed in jeopardy for the same offense.

The court reaffirmed that the proper test to determine whether two or more offenses are the "same offense" is the *Blockburger* "same elements" test. Under this analysis, the court concluded, the prosecution for trespass was not barred because the elements of contempt and the elements of criminal trespass are not the same.

Similarly, the court also disagreed with defendant's assertion that a prosecution for criminal trespass was barred because an element of trespass would necessarily be satisfied by proof that a defendant was guilty of contempt of court. To the contrary, the court concluded, in order for a prosecution to be barred, all of the elements of each offense must necessarily be included in the other offense, and here, this was not so. *Allen III, supra* (contempt and trespass are not analogous to greater and lesser included offenses).

■ Notwithstanding defendant's contrary assertion, the same analysis is used to determine whether an offense is lesser included

under principles of double jeopardy or, as here, under principles of merger. *Compare Armintrout v. People,* 864 P.2d 576 (Colo. 1993) *with People v. Henderson,* 810 P.2d 1058 (Colo.1991); *People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974); *and People v. Halstead,* 881 P.2d 401 (Colo.App.1994).

Thus, the determination in *Allen III* that neither contempt nor criminal trespass is a greater or lesser included offense of the other under principles of constitutional double jeopardy requires, under the doctrine of merger, the identical conclusion.

### III.

■ Alternatively, defendant argues that, under principles of collateral estoppel, codified at § 18–1–302, C.R.S. (1986 Repl.Vol. 8B), the prosecution for criminal trespass was barred because it involved the same conduct as the order of contempt of court. Again, we disagree.

■ Generally, the doctrine of collateral estoppel precludes a later trial if a rational fact-finder could not have grounded its earlier verdict upon an issue other than that upon which a later conviction would necessarily be based. *People v. Horvat,* 186 Colo. 202, 527 P.2d 47 (1974); *People v. Matheson,* 671 P.2d 968 (Colo.App.1983); *see also People v. Garcia,* 698 P.2d 801 (Colo.1985). Thus, § 18–1–302 protects a defendant from having to relitigate a factual issue once it has been determined by a valid and final judgment.

■ However, this statutory prohibition against a later prosecution does not apply if the offense in the later prosecution, here, criminal trespass, necessarily requires proof of a fact not required by the former prosecution and the law defining each offense is intended to prevent a substantially different harm or evil. *Jeffrey v. District Court,* 626 P.2d 631 (Colo.1981).

Here, the offense for which defendant was originally convicted, contempt of court, only required proof that a court order was issued and that defendant knowingly violated its terms. It did not necessarily require a determination that the elements of the offense of criminal trespass were met. And, as the supreme court noted in *Allen III,* here the county court specifically found that the restraining order was violated by the mere presence of defendant at his wife's residence. Thus, the county court specifically grounded its order on proof of facts other than those which defendant now seeks to foreclose. *See People v. Matheson, supra.*

■ Furthermore, a finding of contempt of court "concerns conduct which is directed against, or is in derogation of the authority of, the judicial system," *see Allen I, supra,* 787 P.2d at 176, whereas criminal trespass is a totally separate and distinct crime directed at the security of one's dwelling. Thus, the law defining each offense is intended to prevent a substantially different harm or evil. *See Jeffrey v. District Court, supra.*

### IV.

As pertinent here, the elements of the offense of criminal trespass were that a person knowingly and unlawfully enters or remains in a dwelling. Section 18–4–502, C.R.S. (1986 Repl.Vol. 8B). Subsequent to his conviction and, defendant asserts, in response to his particular situation, the statute was amended to indicate that the dwelling must be that "of another." Section 18–4–502, C.R.S. (1996 Cum.Supp.). Because the amendment was enacted while his case has been pending on appeal, defendant argues, he should be given its benefit.

■ However, the effective date of the amendment is July 1, 1993, and the amendment is applicable only to offenses committed on or after that date. *See* Colo. Sess. Laws 1993, ch. 292 at 1742. There is no indication in the plain language of the statute that the amendment should be given retroactive effect. *See People v. Munoz,* 857 P.2d 546 (Colo.App.1993) (statutory amendment not to be applied retroactively unless a contrary intent is already manifested therein).

■ Furthermore, and in any event, the People argue, regardless whether the amended provision is applicable to defendant, the evidence is sufficient to support his conviction. We agree.

That evidentiary sufficiency is present because, even under the amended statute, "trespass is an invasion of one's interest in habitation or possession of a building, rather than an invasion of one's ownership interest in a building." *People v. Johnson*, 906 P.2d 122, 125 (Colo.1995) (interpreting amended version of § 18–4–502); *see People v. Hollenbeck*, 944 P.2d 537 (Colo.App.1996) (the controlling question is occupancy rather than ownership).

Here, even if we assume that defendant had a property interest in the home, the restraining order nullified his license or privilege to enter the premises. Under such circumstances, the fact that the residence was occupied by his wife and that defendant was precluded from entry by court order, is sufficient to establish an "unlawful [entry] in a dwelling of another." *See People v. Johnson, supra; cf. People v. McNeese*, 892 P.2d 304 (Colo.1995); *People v. Hollenbeck, supra.*

## V.

Defendant contends that the trial court's ruling allowing the victim to testify as to certain events leading up to the crimes constituted reversible error. We disagree.

Evidence of other acts that are part of the criminal episode or transaction with which the defendant is charged is admissible to provide the fact-finder with a full and complete understanding of the events surrounding the crime and the context in which the charged crime occurred. *People v. Quintana*, 882 P.2d 1366 (Colo.1994); *see also People v. Rollins*, 892 P.2d 866 (Colo.1995). This evidence includes criminal conduct that is part and parcel of the crime charged, *see People v. Czemerynski*, 786 P.2d 1100 (Colo. 1990), or provides a background for the offense. *See People v. Gladney*, 194 Colo. 68, 570 P.2d 231 (1977), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 776, 54 L.Ed.2d 787 (1978).

Here, the particular allegations against defendant were that his wife obtained a restraining order against him prohibiting him from contacting her without permission from the court. Following the issuance of the order, defendant broke into his wife's residence and threatened to kill her. The evidence to which defendant now objects was largely related to the events which led to the issuance of the restraining order. It also explained the wife's state of mind, which was relevant in particular to the charge of menacing.

Thus, contrary to defendant's contention, this evidence did not purport to describe prior similar criminal conduct or bad acts. Rather, it was relevant to establish the victim's fear and the context in which the trespass and menacing occurred. Such evidence is admissible, even if such events indicate the commission of unrelated crimes. *See People v. Tyer*, 796 P.2d 15 (Colo.App.1990).

## VI.

We disagree with defendant's argument that the trial court erred by admitting statements by his wife's friend. As the trial court ruled, these statements were not offered for their truth and thus were not hearsay. *See* CRE 801(c).

## VII.

After the People rested their case, the prosecutor gave defense counsel a copy of a police report which detailed the incident which had precipitated the issuance of the restraining order. Later, after the close of evidence, defendant moved to dismiss the case based on this late disclosure. The court denied the motion as untimely, unwarranted, and also determined that there had been no showing of prejudice. We find no abuse of discretion.

Dismissal is a drastic remedy to be reserved for situations in which no other sanction would obtain the proper result. *People v. Atkin*, 680 P.2d 1277 (Colo.1984). Moreover, the police report about which defendant complains is not included in the record on appeal. Accordingly, we cannot determine if defendant was prejudiced by its late disclosure and we must presume that the actions of the trial court were correct. *Till v. People*, 196 Colo. 126, 581 P.2d 299 (1978).

## VIII.

Defendant was sentenced to consecutive sentences of four years in the Depart-

ment of Corrections and six months in the county jail for criminal trespass and misdemeanor menacing, respectively. Defendant contends that these offenses were supported by identical evidence and, therefore, constituted one criminal episode requiring concurrent sentences under § 18–1–408(3), C.R.S. (1986 Repl.Vol. 8B). We disagree.

Criminal trespass and misdemeanor menacing are separate and distinct offenses. The evidence required to convict defendant of trespass was that he broke down the door of his wife's residence and unlawfully entered her home. The conviction for menacing is supported by evidence that he approached his wife and threatened to kill her.

Defendant's contention notwithstanding, that these offenses were part of a continuous course of conduct does not require a determination that they are supported by identical evidence and *People v. DeBoer*, 829 P.2d 447 (Colo.App.1991) does not hold to the contrary.

The judgments of conviction and sentence, and the denial of defendant's Crim. P. 35(c) motion, are affirmed.

NEY and CASEBOLT, JJ., concur.