**Leroy F. PRIDAY, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 86SC268.**

Supreme Court of Colorado, En Banc.

Sept. 8, 1987.

Lozow, Lozow and Elliott, Charles W. Elliott, Karen A. Chaney, Denver, for petitioner.

Donald E. Mielke, Dist. Atty., E. Ronald Beeks, Laura K. Dunbar, Deputy Dist. Attys., Golden, for respondent.

Charles H. Richardson, Claybourne M. Douglas, Aurora, amicus curiae for City of Aurora.

QUINN, Chief Justice.

We granted Leroy F. Priday's petition for certiorari to consider whether the District Court of Jefferson County erred in holding that the compulsory joinder statute, § 18–1–408(2), 8B C.R.S. (1986), does not prohibit successive prosecutions in municipal and county courts for separate offenses based on the same act or series of acts arising from the same criminal episode. Priday was charged in Lakewood Municipal Court with assault in violation of section 9.020.010 of the Lakewood Municipal Code and in Jefferson County Court with driving under the influence of intoxicating liquor in violation of section 42–4–1202(1)(a), 17 C.R.S. (1984). Both charges arose out of a single criminal episode. After entering a guilty plea to assault in the Lakewood Municipal Court, Priday filed a motion in Jefferson County Court to dismiss the charge of driving under the influence on the basis that the prosecution for this offense was barred by the compulsory joinder statute, § 18–1–408, 8B C.R.S. (1986). The county court granted Priday's motion, but the district court reversed the judgment of dismissal and remanded the case to the county court for further proceedings.

Our holding in *People v. Wright,* 742 P.2d 316 (Colo.1987), announced today, is dispositive of this case. The compulsory joinder statute has no application where the initial prosecution in a municipal court was for a municipal ordinance violation and a subsequent prosecution in a state court is for a state offense based on conduct different from the ordinance violation, even though both the municipal ordinance violation and the state offense arose out of the same criminal episode. We therefore affirm the judgment of the district court.